144 P.3d 40

STATE of Idaho, Plaintiff–Respondent,

v.

Roy Richard DeFRANCO, Defendant–Appellant.

No. 31801.

Court of Appeals of Idaho.

Sept. 5, 2006.

Rude, Jackson Daugharty, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Roy Richard DeFranco appeals from his judgment of conviction for misdemeanor driving under the influence (DUI). The issue presented on this appeal is whether the prosecution presented an adequate foundation for the admission of breath test results by showing that the officer adequately performed the required fifteen-minute monitoring of the defendant before administering the test. The magistrate denied DeFranco's motion in limine seeking to exclude evidence of the breath test and, on intermediate appeal, the district court affirmed. We reverse the denial of DeFranco's motion in limine, vacate the judgment of conviction, and remand.

## I.

## BACKGROUND

The facts of this case are not materially in dispute. DeFranco was riding a motorcycle when he was stopped by Idaho State Trooper Stemm after Stemm saw DeFranco cross the centerline while negotiating a turn. Stemm became suspicious that DeFranco was under the influence of alcohol and consequently administered field sobriety tests, which De-Franco failed. Stemm arrested DeFranco for DUI, Idaho Code § 18–8004(1)(a), handcuffed DeFranco's hands behind his back, and placed him in the rear passenger-side seat of the patrol car, with his feet on the floorboard. The foregoing events appear on a videotape made by a camera positioned on the dash of the patrol car. The events that occurred thereafter are not captured on the video but are described in Stemm's testimony and can be heard on the audio portion of the videotape. Stemm left the patrol car's rear door ajar and then entered through the front passenger door, called dispatch momentarily, and removed his breathalyzer equipment, an Alco–Sensor III, that had been on the front seat. Stemm next walked around to the rear of the vehicle, opened the trunk and looked through a file box in the trunk to find a DUI advisory form. Stemm testified that during this period when he was getting material from the trunk he could see DeFranco through the rear window by looking through a gap between the trunk lid and the vehicle body. If DeFranco had belched or coughed loudly during this time, Stemm testified, he would have heard it. Stemm returned to the rear passenger side door and read the advisory form to DeFranco, who agreed to take the breathalyzer test. The test results showed an alcohol content above the legal limit. Approximately six minutes elapsed between the time that Stemm returned to De-Franco's side and the administration of the breath tests.

DeFranco filed a motion in limine seeking to exclude evidence of the breath test on the ground that the prosecution could not establish foundation for its admission because a required fifteen-minute period of monitoring of the defendant prior to the administration of the test had not occurred. The magistrate denied the motion. DeFranco then entered a conditional guilty plea, reserving the right to appeal the magistrate's denial of his motion in limine. DeFranco appealed to the district court, which affirmed the magistrate's decision. This appeal followed.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity,

we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Ward*, 135 Idaho 400, 402, 17 P.3d 901, 903 (Ct.App.2001). The issue presented is whether the officer's actions constitute compliance with a foundational prerequisite, set out in the operator's manual for the Alco–Sensor III, that the subject be "monitored" for a continuous fifteen-minute period immediately preceding the test. This is a question of law over which we exercise free review. *State v. Remsburg*, 126 Idaho 338, 339, 882 P.2d 993, 994 (Ct.App.1994); *State v. Bradley*, 120 Idaho 566, 568, 817 P.2d 1090, 1092 (Ct.App.1991).

By terms of I.C. § 18–8004(4), the Idaho State Police (I.S.P.) are charged with promulgating standards for administering tests for breath alcohol content. The statute provides that when it is shown that the breath test was administered by a method approved by the I.S.P., the results are admissible without the necessity of further evidence to establish the reliability of the testing procedure. The I.S.P. approved the Alco–Sensor III breathalyzer and issued an operator's training manual for that machine that presents the approved methodology for administering the test. *See* IDAPA 11.03.01.013(.03). The pertinent portion of the manual instructs:

> The mucous lining of the mouth cavity and nasal passages stores alcohol for some time after a person consumes alcohol. Normal body processes eliminate residual alcohol within 15 minutes.

> Monitor the subject for 15 minutes. During this time, the subject may not smoke, consume alcohol, eat, belch, vomit, use chewing tobacco, or have gum or candy in the mouth. If belching or vomiting does occur or something is found in the mouth, have it removed and wait an additional 15 minutes.

DeFranco contends that the magistrate court erred in finding that the trooper complied with the observation period. We agree because Stemm's level of monitoring could not reasonably be expected to accomplish the purpose of the requirement.

Two prior decisions of this Court are instructive. The first is *Remsburg*,[1] where the issue was whether the subject was "closely observed" as required by the training manual for the Intoximeter 3000. During the last seven minutes preceding the tests, the officer had programmed the Intoximeter and read the DUI advisory form to the defendant. The defendant argued that she was not closely observed because the officer's sight was, during the above events, directed elsewhere. This Court disagreed. Key to the decision was the fact that the officer was standing or sitting next to the defendant at all times. This Court declined to adopt a rule that an officer is required to "stare fixedly" at the subject for the entirety of the relevant time period in order for the subject to be closely observed. *Id.* at 340, 882 P.2d at 995. Instead, we held that in light of the purposes of the requirement, "observation" could include not only visual observation but use of other senses as well. Because the officer was continually in a position to use all of his senses, not just sight, to determine that the defendant did not belch, burp or vomit during the observation period, we concluded that the defendant had been closely observed in compliance with the training manual instructions.

Subsequently, this Court held in *State v. Carson*, 133 Idaho 451, 988 P.2d 225 (Ct.App. 1999), that the defendant was not sufficiently "observed" to comply with the operative training manual requirements for an Intoxilyzer 5000. During the fifteen-minute period, the officer was driving his patrol car, intermittently glancing in the rearview mirror at the defendant located in the backseat. We contrasted the circumstances in *Carson* with the facts in *Remsburg*, where although the officer did not maintain constant visual contact, there was no evidence that the officer was unable to adequately monitor through use of his other senses. In *Carson*, we noted that in addition to the absence of visual observation, the officer's use of other senses was impeded by his hearing impairment; by noise from the engine, tires on the

---

1. This Court initially held that "the fifteen-minute time period must occur immediately prior to the administration of the test." *Remsburg*, 126 Idaho at 340, 882 P.2d at 995.

road surface, rain, and windshield wipers; and by his position facing away from the defendant. *Id.* at 453, 988 P.2d at 227.

Here, as in *Carson,* the officer was not always in a physical position to use either his sight or, alternatively, his senses of smell and hearing, to accomplish the purpose of the monitoring period. While Stemm was rummaging in the trunk[2] of the patrol car, even when peering under the trunk lid at DeFranco, Stemm's visual observation was impeded by the fact that DeFranco was facing away from him. During this period at the rear of the car, Stemm could not have heard or smelled a belch or regurgitation because of the trunk lid and the rear window separating the men and the sound of the cruiser's running engine. Therefore, we hold that De-Franco was not "monitored" in such a manner as to accomplish the purpose of pre-test monitoring, as described in the training manual. Because only six minutes elapsed between the trooper's return to DeFranco's side and the administration of the breathalyzer test, the foundational requirements for the admission of the breath test were not met in this case. The motion in limine seeking exclusion of test evidence therefore should have been granted.

The fifteen-minute monitoring period is not an onerous burden, and it is "a precaution that is necessary to insure the validity of the test results." *Id.* This foundational standard ordinarily will be met if the officer stays in close physical proximity to the test subject so that the officer's senses of sight, smell and hearing can be employed. If an officer deviates from that practice, without beginning the fifteen-minute period anew, which is always an alternative in cases of uncertainty, the officer risks that the breath test results will be rendered inadmissible. Such is the result here.

## III.

### CONCLUSION

We reverse the magistrate's denial of the defendant's motion in limine. The judgment

of conviction is vacated, and this case is remanded to the magistrate division for further proceedings consistent with this opinion.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

**2.** Stemm testified that it was his memory that this took ten to fifteen seconds. The audio portion of the videotape, commencing with the sound of papers being shuffled and ending with the shutting of the trunk lid, shows that more than one minute elapsed.