IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 35150

| | |
|---|---|
| STACIE DAWN BENNETT, | 2009 Opinion No. 23 |
| Plaintiff-Respondent, | Filed: April 2, 2009 |
| v. | Stephen W. Kenyon, Clerk |
| STATE OF IDAHO, DEPARTMENT OF TRANSPORTATION, | |
| Defendant-Appellant. | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Memorandum decision and order of the district court vacating suspension of driver's license, affirmed.

Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for appellant. Edwin L. Litteneker argued

Clark and Feeney, Lewiston, for respondent. Paul T. Clark argued.

_____

GRATTON, Judge

The Idaho Transportation Department appeals from the district court's memorandum decision and order, upon judicial review, reversing the Idaho Transportation Department's order suspending Stacie Dawn Bennett's driver's license. We affirm.

I.

FACTS AND PROCEDURAL BACKGROUND

Bennett was charged with driving under the influence. Idaho Code §18-8004. A breath alcohol test, using an Intoxilyzer 5000, showed a blood alcohol concentration (BAC) of .090/.095, exceeding the legal limit of .08. As a result, Bennett's license was suspended by the Idaho Transportation Department (ITD). Bennett requested an administrative hearing to contest her license suspension. The hearing officer found that the proper procedures and standards were followed by the officer administering the breath test and suspended Bennett's driving privileges for ninety days. Bennett appealed to the district court. The district court vacated the suspension

1

of Bennett's driver's license holding that there was not substantial evidence in the record to support a finding that the breath test was administered in compliance with procedural standards. This appeal by ITD followed.

## II.

## ANALYSIS

The Idaho Administrative Procedures Act (I.D.A.P.A.) governs the review of department decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under I.D.A.P.A., this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.,* 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.,* 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs,* 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall,* 137 Idaho at 340, 48 P.3d at 669.

A court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall,* 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

The administrative license suspension (ALS) statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed a BAC test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an

2

evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an ALS may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (a) The peace officer did not have legal cause to stop the person; or
> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
> (d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
> (e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133.

The burden of proof at an ALS hearing is on the individual requesting the hearing, and that burden is not satisfied merely by showing that the documents received by the ITD are inadequate. *Kane*, 139 Idaho at 590, 83 P.3d at 134. The evidence presented at Bennett's administrative hearing was the officer's probable cause affidavit and Bennett's own testimony. The affidavit is a computer-generated form document. The affidavit contains a paragraph above the officer's signature line that reads: "The test(s) was/were performed in compliance with Section 18-8003 & 18-8004(4) Idaho Code and the standards and methods adopted by the Department of Law Enforcement." The officer did not testify. Bennett testified that the officer left the room at least twice during the fifteen minutes of monitoring immediately prior to the administration of the blood alcohol test. She also testified that during this monitoring period she

was coughing continuously due to a sinus infection and bronchitis. The hearing officer concluded that the officer followed proper procedures and standards to ensure the reliability of the operation of the Intoxilyzer 5000 and the test result. In pertinent part, the hearing officer found:

> The officer certified that he administered the breath test in compliance with the standards and methods adopted by the Department of Law Enforcement for the administration of breath tests which standards include specific directions on a 15 minute observation period prior to the test administration. While the driver testified that the officer was in and out of the room during the waiting period, no specific testimony was produced to show that the 15 minute period was not present. The driver had the burden to do so if she were to successfully challenge the officers [sic] statement that he had properly observed the waiting period.

The district court reversed the hearing officer's decision, concluding that his finding that the officer properly monitored Bennett for fifteen minutes immediately prior to administering the breath test was not supported by substantial evidence in the record, as a whole. The district court held that Bennett's testimony that the officer left the room on two occasions during the monitoring period was not specifically controverted. The district court further held that the officer's computer-generated affidavit, which stated generally that proper procedures were followed, was insufficient to rebut Bennett's testimony. The district court concluded that, because the officer left the room during the monitoring period, the officer failed to follow proper procedure.

Pursuant to I.C. § 18-8004(4), the Idaho State Police (ISP) are charged with promulgating standards for administering tests for breath alcohol content. *State v. DeFranco*, 143 Idaho 335, 337, 144 P.3d 40, 42 (Ct. App. 2006). To carry out the authority conferred by that statute, the ISP issued operating manuals establishing procedures for the maintenance and operation of breath test equipment, including the Intoxilyzer 5000. *In Re Mahurin*, 140 Idaho 656, 659, 99 P.3d 125, 127 (Ct. App. 2004). Noncompliance with these procedures is a ground for vacating an administrative license suspension under I.C. § 18-8002A(7)(d). *Id.* The pertinent portion of the manual instructs:

> Observe the subject for 15 minutes. During this time, the subject may not smoke, consume alcohol, belch, vomit, use chewing tobacco, or have any other substance in the mouth. If belching or vomiting does occur or something is found in the mouth, wait an additional 15 minutes.

4

*State v. Carson*, 133 Idaho 451, 453, 988 P.2d 225, 227 (Ct. App. 1999).

Bennett testified that she was violently coughing throughout the monitoring period. However, coughing during the monitoring period does not implicate an invalid test or improper procedures. The operator's manual for the Intoxilyzer 5000 requires that the breath test subject be monitored immediately prior to administration of the breath test to assure that the subject did not smoke, ingest any substance, vomit or belch, because such actions could render the breath test inaccurate. *Mahurin*, 140 Idaho at 660, 99 P.3d at 129. The operator's manual does not mention coughing as an action which could render the breath test inaccurate.

In *Carson*, 133 Idaho at 453, 988 P.2d at 227, we noted that the monitoring period is required in order to rule out the possibility that alcohol or other substances have been introduced into the subject's mouth from the outside or by belching or regurgitation. The level of surveillance must be such as could reasonably be expected to accomplish the purpose of the requirement. In light of the purposes of the requirement, "observation" can include not only visual observation but use of other senses as well. So long as the officer is continually in position to use his senses, not just sight, to determine that the defendant did not belch, burp or vomit during the observation period, the observation complies with the training manual instructions. In this regard, the officer need not "stare fixedly" at the subject for the entire observation period. *State v. Remsburg*, 126 Idaho 338, 340-41, 882 P.2d 993, 995-96 (Ct. App. 1994). The fifteen-minute monitoring period is not an onerous burden and "[t]his foundational standard ordinarily will be met if the officer stays in close physical proximity to the test subject so that the officer's senses of sight, smell and hearing can be employed." *DeFranco*, 143 Idaho at 338, 144 P.3d at 43. In *State v. Utz*, 125 Idaho 127, 128-29, 867 P.2d 1001, 1002-03 (Ct. App. 1993), we held that an officer who left the area in which the subject was being detained had not adequately observed the subject for the requisite time period. Therefore, to the extent the evidence demonstrates that the officer left the monitoring room and, as such, could not employ his senses to monitor Bennett, proper procedures were not followed.

Bennett bore the burden to prove grounds to vacate the suspension of her license. Bennett testified that the officer left the room twice during the fifteen-minute monitoring period. The hearing officer did not find Bennett's testimony to lack credibility. This testimony, then, would demonstrate that proper monitoring procedures were not followed, and that the test for alcohol concentration was, therefore, not conducted in accordance with the requirements of I.C.

5

§ 18-8004(4). The State presented only the officer's probable cause affidavit. The officer's form affidavit provides only generalized statements regarding employment of proper procedures. However, when specific, credible evidence demonstrates a violation of proper procedures, the affidavit alone is insufficient to support a finding that proper procedures were followed. Thus, the hearing officer's finding that the breath test was conducted in compliance with procedural standards is not supported by substantial evidence in the record as a whole. Therefore, the district court did not err in vacating the hearing officer's decision.

## III.

## CONCLUSION

The hearing officer's finding that the police officer complied with the monitoring period procedures is not supported by substantial competent evidence in the record. Accordingly, the memorandum decision and order of the district court is affirmed.

Judge PERRY and Judge GUTIERREZ, **CONCUR.**