Judge MELANSON,
specially concurring.
I fully concur. I write separately to express my view regarding observance of the fifteen-minute monitoring period prior to administering the test to determine breath alcohol concentration. Pursuant to I.C. § 18-8004(4), the Idaho State Police are charged with promulgating standards for administering tests for breath alcohol content. The Idaho State Police Standard Operating Procedure (SOP) for breath alcohol testing provides that the subject should be monitored for at least fifteen minutes prior to adminis *974 tering the test. During that time the subject should not be allowed to “smoke, drink, eat, or belcb/burp/vomit/regurgitate.” SOP 6.1 (Nov. 1, 2010). The SOP notes that “during the monitoring period the Operator must be alert for any event that might influence the accuracy of the breath alcohol test.” Id. at 6.1.4.[1] The purpose of the fifteen-minute waiting period is to rule out the possibility that alcohol or other substances have been introduced into the subject’s mouth from the outside or from belching or regurgitation. Bennett v. State, Dep’t of Transp., 147 Idaho 141, 144, 206 P.3d 505, 508 (Ct.App.2009); State v. Carson, 133 Idaho 451, 453, 988 P.2d 225, 227 (Ct.App.1999). To satisfy the monitoring requirement, the level of surveillance must be such as could reasonably be expected to accomplish that purpose. Bennett, 147 Idaho at 144, 206 P.3d at 508. The burden is not onerous, and the “foundational standard ordinarily will be met if the officer stays in close physical proximity to the test subject so that the officer’s senses of sight, smell and hearing can be employed.” State v. DeFranco, 143 Idaho 335, 338, 144 P.3d 40, 43 (Ct.App.2006). However, we have held that the rule’s flexibility is not an open invitation for law enforcement officers to be inattentive or to leave suspects out of their sight for any appreciable time and a better practice would counsel that officers should attend to suspects to the best of their ability, including visual observation, throughout the entire monitoring period. Wilkinson v. State, Dep’t of Transp., 151 Idaho 784, 788, 264 P.3d 680, 684 (Ct.App.2011). In my view, we require no more than common sense. When officers conduct the fifteen-minute monitoring period at the side of a busy highway or in any other place where their attention might be diverted or their hearing or other senses might be diminished by environmental factors, they should take care to be more attentive to the subject. By this, I do not mean to suggest that the officer should stare fixedly at the subject. In my view, all that is required is attentive observation. For example, under these circumstances, there is no reason officers could not perform field sobriety tests and read the advisory form before beginning the monitoring period and there is no reason officers could not wait until after the monitoring period to fill out paperwork. I think it is appropriate to caution that multitasking by an officer during the monitoring period may save a few minutes but it may, given the right facts in evidence, result in a test being invalidated and further may cost Idaho taxpayers thousands of dollars for processing appeals like this one.
Judge LANSING concurs in the special concurrence.

. The current SOP, effective January 2013, has changed the "must” in 6.1.4 to "should.”