**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39759**

| | | |
|---|---|---|
| IN THE MATTER OF DRIVER'S LICENSE ) | | |
| SUSPENSION OF GEORGE JOSEPH ) | | |
| BESAW, JR. ) | | |
| GEORGE JOSEPH BESAW, JR., ) | **2013 Unpublished Opinion No. 545** | |
| ) | | |
| Petitioner-Appellant, ) | **Filed: June 21, 2013** | |
| ) | | |
| v. ) | **Stephen W. Kenyon, Clerk** | |
| ) | | |
| STATE OF IDAHO, TRANSPORTATION ) | **THIS IS AN UNPUBLISHED** | |
| DEPARTMENT, ) | **OPINION AND SHALL NOT** | |
| ) | **BE CITED AS AUTHORITY** | |
| Respondent. ) | | |
| ) | | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

District court order affirming decision of hearing officer, <u>affirmed</u>.

Clark and Feeney, Lewiston, for appellant. Charles M. Stroschein argued.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent. Edwin L. Litteneker argued.

_____

LANSING, Judge

George Joseph Besaw, Jr. appeals from the district court's decision on judicial review affirming a hearing officer's order that sustained the suspension of Besaw's driver's license for failing a breath alcohol concentration test.

**I.**

**BACKGROUND**

In the early morning hours of January 16, 2011, an Idaho State Police trooper observed a vehicle fail to signal and fail to maintain its lane of travel. The trooper stopped the vehicle and subsequently identified the driver as Besaw. As the trooper talked to Besaw, he smelled the odor of an alcoholic beverage coming from the vehicle and observed that Besaw's eyes were bloodshot. He checked Besaw's eyes for horizontal gaze nystagmus and had Besaw perform a

1

one-leg stand test and a walk-and-turn test. Based upon his observations, the trooper arrested Besaw for driving under the influence and then administered a breath test, which Besaw failed. The trooper then seized Besaw's driver's license, served him with notice of suspension of the license for ninety days, and issued a temporary thirty-day driving permit, all pursuant to Idaho Code § 18-8002A.

On January 21, 2011, Besaw requested an Idaho Transportation Department (ITD) hearing to challenge the administrative license suspension (ALS). The hearing was conducted on February 8, 2011. Because the suspension order was soon to become effective, on February 11, 2011, Besaw requested that the hearing officer stay that order pending issuance of the hearing officer's decision, but the hearing officer denied the motion. On February 14, 2011, Besaw filed another motion for a stay, which was also denied by the hearing officer. The following day, February 15, 2011, Besaw filed a premature petition for judicial review with the district court, along with an ex parte motion for a stay of the order of suspension pending judicial review. The district court granted the requested stay.

On March 4, 2011, the hearing officer issued a final order sustaining the license suspension, and Besaw then filed an amended petition for judicial review to challenge the final order. On Besaw's motion, the district court stayed the hearing officer's decision pending judicial review. The district court ultimately affirmed the hearing officer's decision. Besaw appeals, contending that he was not given a proper advisory on being requested to submit to a breath test, that the testing procedure did not comply with standards adopted by the Idaho State Police, that the testing standards fail to ensure the accuracy of test results, and that the administrative license suspension proceedings violated his right to due process.

## II.

## ANALYSIS

The administrative license suspension statute, I.C. § 18-8002A, requires that ITD suspend the driver's license of a driver who has failed a BAC test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of an ALS may request a hearing before a hearing officer, designated by ITD, to contest the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 588, 83 P.3d 130, 132 (Ct. App. 2003). The burden of proof at an ALS hearing is on the

individual challenging the license suspension. *Kane*, 139 Idaho at 590, 83 P.3d at 134. The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

> (c) The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or
>
> (d) The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or
>
> (e) The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7).

The hearing officer's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133. The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. A court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall v. Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). If the agency's decision is not affirmed on judicial review, "it shall be set aside . . . and remanded for further proceedings as necessary." I.C. § 67-5279(3).

In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are

clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. That is, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

**A.      Alleged Noncompliance with I.C. § 18-8002A(3)**

The hearing officer rejected Besaw's assertion that his driver's license should not be suspended because he was not properly advised of the consequences of a failure or refusal of evidentiary testing as required by I.C. § 18-8002A(2). A section 18-8002A license suspension must be vacated if an officer fails to inform the licensee of certain information, as required by the statute, prior to evidentiary testing. I.C. § 18-8002A(7)(e); *Bell v. Idaho Transp. Dep't*, 151 Idaho 659, 664, 262 P.3d 1030, 1035 (2011); *State v. Kling*, 150 Idaho 188, 192, 245 P.3d 499, 503 (Ct. App. 2010). It is also a ground for relief from a license suspension if an officer makes further statements to a licensee that materially contradict the information in the statutorily mandated advisory. *Cunningham v. State*, 150 Idaho 687, 691, 249 P.3d 880, 884 (Ct. App. 2011).

The trooper here, reading from an ITD-issued form, gave Besaw the statutory warnings and information required by I.C. § 18-8002A(2), and Besaw does not contend otherwise. Instead, Besaw first argues that he was not properly advised because the trooper did not read additional information contained on the ITD form stating that "[T]his suspension for failure or refusal of the evidentiary test(s) is separate from any other suspension ordered by the court." This assertion of error is without merit because no statute requires that a driver be informed of that point before a BAC test. Besaw cites no authority for the proposition that a law enforcement officer must give any warnings other than those specifically required by I.C. § 18-8002A(2).

Besaw also asserts that he is entitled to relief because the trooper told him that there "was not any real difference" between the general license suspension periods under I.C. § 18-8002A for testing failure or refusal and separate suspension periods under I.C. § 49-335 for commercial motor vehicle driving privileges. Besaw contends that because a person who holds a Class A commercial driver's license (CDL) and fails or refuses an evidentiary test is, pursuant to I.C.

4

§ 49-335, subject to longer periods of commercial driving disqualification than the license suspension periods under section 18-8002A, he was misled and is entitled to relief in this case.

Besaw's contention was rejected in *Peck v. State, Dep't of Transp.*, 153 Idaho 37, 278 P.3d 439 (Ct. App. 2012), where we said:

> Neither section 18-8002A nor due process requires an officer to inform a person subject to license suspension of the consequences regarding a separate disqualification under section 49-335(2). The notice of consequences contained in section 18-8002A (and reflected in the advisory form) is not deficient simply because it did not inform Peck of consequences under a different statute. *See Buell v. Idaho Dep't of Transp.*, 151 Idaho 257, 264, 254 P.3d 1253, 1260 (Ct. App. 2011) (holding a person with a CDL is presumed to have knowledge of the laws governing CDLs, and therefore, Buell "was presumed to know that the disqualification of his CDL was in addition to any suspensions he received under [Title 18]"); *Thompson v. State*, 138 Idaho 512, 516, 65 P.3d 534, 538 (Ct. App. 2003) (rejecting an argument that the police officer was obligated to give a driver advice regarding all consequences of taking a breath test, not just those delineated in section 18-8002A).

*Peck*, 153 Idaho at 43, 278 P.3d at 445. Because no statute requires an officer to inform a person subject to license suspension of the consequences regarding a CDL disqualification under section 49-335(2), and because the holder of a CDL is presumed to have knowledge of laws governing CLD disqualifications, an officer's advice concerning those latter consequences, even if erroneous, does not provide a ground for relief from a section 18-8002A license suspension.

The hearing officer did not err in denying relief on this claim.

**B.     The Monitoring Period**

Besaw next contends that his breath test was not conducted in compliance with testing standards because the trooper did not adequately monitor him for fifteen minutes before administering the test as required by the ISP's Standard Operating Procedure 6.1 (11/1/10) for breath testing, which states:

> Prior to evidentiary breath alcohol testing, the subject/individual should be monitored for at least fifteen (15) minutes. Any material which absorbs/adsorbs or traps alcohol should be removed from the mouth prior to the start of the 15 minute waiting period. During the monitoring period the subject/individual should not be allowed to smoke, drink, eat, or belch/burp/vomit/regurgitate.

The purpose of the monitoring period is "to rule out the possibility that alcohol or other substances have been introduced into the subject's mouth from the outside or by belching or regurgitation." *Bennett v. State, Dep't of Transp.*, 147 Idaho 141, 144, 206 P.3d 505, 508 (Ct. App. 2009); *State v. Carson*, 133 Idaho 451, 453, 988 P.2d 225, 227 (Ct. App. 1999). To satisfy

the observation requirement, the level of surveillance "must be such as could reasonably be expected to accomplish" that purpose. *Bennett*, 147 Idaho at 144, 206 P.3d at 508. "This foundational standard ordinarily will be met if the officer stays in close physical proximity to the test subject so that the officer's senses of sight, smell and hearing can be employed." *State v. DeFranco*, 143 Idaho 335, 338, 144 P.3d 40, 43 (Ct. App. 2006). However, the monitoring officer is not required to stare fixedly at the subject. "So long as the officer is continually in [a] position to use his senses, not just sight, to determine that the defendant did not belch, burp or vomit during the [monitoring] period," the observation complies with the rule. *Bennett*, 147 Idaho at 144, 206 P.3d at 508. However, if the officer's ability to supplement his visual observation of the subject with his other senses is substantially impaired by such factors as noise, the officer's own hearing impairment, or the officer's distance from or position facing away from the subject during the monitoring period, the monitoring requirement may not be satisfied.

Based upon the trooper's testimony and affidavit, and a video of the encounter, the hearing officer found that Besaw had not met his burden to show that the officer failed to adequately monitor Besaw for fifteen minutes before administering the breath test. The hearing officer found:

> During the observation period and after the mouth check, the DVD recording depicts very minimal radio communication or verbal communication from other people which would distract Tpr. Talbot from using all his senses while monitoring Besaw.
> Besaw and Tpr. Talbot are continually conversing back and forth, thus a reasonable inference can be made that Tpr. Talbot was continually in a position to use all his senses and to determine that Besaw did nothing to invalidate the evidentiary testing procedure.
> . . . .
> Besaw was within Tpr. Talbot's vision and close proximity during the entire observation period.

Besaw contends, however, that the trooper's vision and attention was fatally distracted when he looked toward and spoke to three individuals who approached him during the monitoring period.

The hearing officer's findings are supported by the evidence. The trooper testified that during the monitoring period Besaw was seated in the backseat of the patrol car with the back door open, and the officer stood, bent over, watching Besaw during the monitoring period. The officer acknowledged that he spoke briefly with another officer, and two other people who approached him during the monitoring period. The video camera that recorded the stop was not pointed toward Besaw or the officer during the monitoring period, but the audio portion confirms

6

the trooper's testimony that he had only brief verbal exchanges with the three people who approached him. From this evidence, the magistrate court could justifiably find that the trooper's monitoring was such "as could reasonably be expected to accomplish the purposes of the requirement." *Bennett*, 147 Idaho at 144, 206 P.3d at 508. This Court will not reweigh the evidence and substitute our judgment for that of the hearing officer. Substantial and competent evidence in the record supports the hearing officer's finding that the trooper adequately monitored Besaw for the requisite time period.

## C.     Due Process

Besaw next asserts that he was deprived of due process in the license suspension proceedings, but his argument is unfocused. He primarily complains about the timing of the hearing officer's decision in his case and the timing of ALS hearing officers' decisions in general which, he alleges, often issue after the license suspension period has begun. He complains of ITD hearing officers' frequent unwillingness to issue stays of suspensions pending the issuance of their final decisions.

As required by the 2009 version of I.C. § 18-8002A(2)(a), the trooper seized Besaw's driver's license and served him with a notice of suspension of the license for ninety days pursuant to I.C. §§ 18-8002A(4)(a)(i) and 18-8002A(5)(a). The notice stated that the license suspension would become effective thirty days from the service of the notice of suspension, or February 15, 2011. The trooper also issued Besaw a temporary thirty-day driving permit in accord with I.C. § 18-8002A(2)(a) (2009).

Under section 18-8002A as it then existed, if Besaw had been driving a commercial vehicle at the time of his detention, he would not have received a temporary permit for his commercial driving privileges. *See* I.C. § 18-8002A(2)(a) (2010). However, because Besaw was driving a friend's pickup truck at the time, the temporary permit continued his commercial driving privileges. Thus, there was at that time no deprivation of Besaw's driving privileges, including his authorization to drive a commercial vehicle. Although the ITD hearing officer denied Besaw's motions for a stay to prevent the suspension taking effect before the hearing officer rendered a decision, Besaw secured stays from the district court that prevented the suspension from occurring. After the district court affirmed the hearing officer, the court entered a stay of the license suspension pending this appeal.

7

Although Besaw asserts that "he had delay issues regarding the decision being issued" in his case, as the above recitation of events shows, thanks to stays issued by the district court, his license has not been suspended at any time from the date of his breath test through this appeal. Even though he seems to acknowledge that he has never been without a license due to the stays issued by the district court, he complains that he and others will not in the future be allowed to file a petition for review before a hearing officer's decision has issued and thereby obtain a stay from the district court because of this Court's decision in *In re Johnson*, 153 Idaho 246, 280 P.3d 749, 753 (Ct. App. 2012). In that case, we held that a petition for judicial review that is filed before the administrative hearing officer has rendered a decision, even orally, confers no subject matter jurisdiction upon the district court and is ineffective to commence an appeal from the subsequently issued hearing officer's decision.

Apart from the fact that he has identified no deprivation of a property or liberty interest that he has suffered *in this case*, and complains only about a hypothetical deprivation that might or might not occur sometime in the future, Besaw's argument is legally incorrect because the *Johnson* decision did not preclude obtaining a judicial stay of a license suspension when proper procedural steps are followed. As we have very recently explained in *Platz v. State, Transp. Dep't*, ___ Idaho ___, ___ P.3d ___ (Ct. App. June 6, 2013), Idaho law authorizes issuance of stays of agency actions by the agency itself and an interlocutory appeal to the district court of an agency's interlocutory order denying a stay:

> If the hearing officer chooses to deny the stay, then the driver may appeal that interlocutory decision to the district court under I.C. § 67-5271(2), which states: "A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency action would not provide an adequate remedy." We noted in *Bell* that a driver may suffer an irremediable and unacceptable loss of driving privileges before issuance of the hearing officer's decision, particularly in the case where the driver ultimately prevails. *Bell*, 151 Idaho at 671, n.6, 262 P.3d at 1042 n.6. The specter of this irremediable loss may provide the basis for immediate review of the intermediate agency decision.
>
> While I.C. § 67-5271(2) may provide an avenue into the district court to obtain review of the hearing officer's denial of a stay, the impending suspension may still take effect until there is action from the district court. Idaho Code § 67-5274 provides, "The filing of the petition for review does not itself stay the effectiveness or enforcement of the agency action. The agency may grant, or the reviewing court may order, a stay upon appropriate terms." Idaho Rule of Civil Procedure 84 governs judicial review of agency actions by the district court. Specifically, I.R.C.P. 84(m) states, in pertinent part, "Unless prohibited by statute, the agency may grant, or the reviewing court may order, a stay upon appropriate

8

terms." The language allowing a reviewing court to grant a stay used in I.R.C.P. 84(m) tracks the language used in I.C. § 67-5274. However, while that language only refers to "petitions for review," Rule 84 makes clear that judicial review includes "appeals" to the district court as well. I.R.C.P. 84(a)(2)(C).

Through the procedure outlined above, the district court, on judicial review, may review the hearing officer's order denying a stay, or the court may issue its own stay. Perhaps, technically, a stay issued by the district court could be argued as merely a stay of the order denying a stay, having no practical effect on the automatic suspension at the conclusion of the thirty-day period. However, that reading of the statute and rule providing for a stay is unduly narrow. The obvious effect of a hearing officer's denial of a stay when the decision is not issued within the thirty-day window is suspension. We conclude, therefore, that the interplay between IDAPA, the Idaho Rules of Civil Procedure, and applicable Idaho Code provisions authorize the district court to stay the license suspension in this situation.

Besaw has demonstrated no deprivation of due process, either prior or prospective.

**D.     Violation of Idaho Rule of Civil Procedure 84(f)(5)**

Besaw also argues that he was deprived of due process in the judicial review proceedings before the district court because the ITD clerk did not prepare and lodge the record with the agency within fourteen days from the filing of his petition for judicial review as required by Idaho Rule of Civil Procedure 84(f)(5). Besaw filed his amended petition for judicial review on March 7, 2011, and so far as we can discern from the record, the ITD clerk lodged the record with the agency on or about May 19, 2011. Thus, the lodging of the record was several weeks late.

The day after the clerk lodged the record, Besaw moved the district court to vacate the license suspension, citing the time limit of I.R.C.P. 84(f)(5) and invoking the right to due process. At a hearing on the motion, the district court decided to reserve this issue and instead take up all the issues in the judicial review collectively. The district court then discussed the briefing schedule with the parties. Because of major delays in settling the record, Besaw did not file his opening brief until November 18, 2011. In the argument portion of his brief to the district court, Besaw did not mention the late lodging of the record. Therefore, not surprisingly, the district court did not address the issue in its ultimate decision on judicial review.

On appeal, Besaw claims error, but his argument consists only of a citation to the rule, a recitation of the procedural background, and an assertion that he raised the issue in the district court.

9

This argument does not demonstrate a deprivation of due process. Besaw has merely pointed out a violation of a procedural rule; he has not explained how this violation prejudiced him, resulted in unfair proceedings, or otherwise deprived him of due process. Nor do we perceive any such deprivation where the suspension of his license was stayed throughout the judicial review proceedings and remains stayed during the current appeal. Besaw has not cited any authority for the proposition that delay of this sort in preparation of a record may constitute a deprivation of due process. A party waives an issue on appeal if either sufficient authority or argument is lacking. *Bell*, 151 Idaho at 673, 262 P.3d at 1044; *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Lastly, we note that Idaho Rule of Civil Procedure 61, addressing harmless error, specifies, "The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Besaw has not shown a deprivation of his right to due process from the untimely filing of the agency record.

**E.     Other Issues**

Besaw has raised two other issues in this appeal that are addressed by this Court's opinion in Besaw's companion appeal, *State v. Besaw*, ___ Idaho ___, ___ P.3d ___ (Ct. App. June 21, 2013), which is his appeal from his conviction for driving under the influence. Those additional issues are a contention that Besaw's breath test was not properly conducted because the performance verification for the LifeLoc FC20 instrument on which he was tested had not been conducted using a .20 performance verification solution within twenty-four hours of his test and a contention that the ISP standards for conducting BAC tests do not comply with the requirements of I.C. § 18-8002A(7). Our analysis of those issues, in which we found Besaw's positions to be without merit, are incorporated by reference and will not be repeated here.

### III.

### CONCLUSION

Besaw having shown no error, the district court's decision on judicial review affirming the administrative suspension of Besaw's driver's license for failing a breath alcohol concentration test is affirmed. No costs or attorney fees to either party.

Judge GRATTON and Judge MELANSON **CONCUR.**