**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47805**

| | |
|---|---|
| LAWRENCE SCOTT ANDRUS, | ) |
| | ) **Filed: June 1, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Fyffe Law, Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

———————————————————

GRATTON, Judge

Lawrence Scott Andrus appeals from the district court's judgment denying his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Andrus was charged with felony driving under the influence of alcohol (DUI). The charges arose after police officers were dispatched to a bridge based on a report that Andrus intended to end his own life. Andrus was transported to a hospital where he stated he was not suicidal and admitted being intoxicated. Concerned that Andrus had been drinking and driving, officers conducted field sobriety tests, which Andrus failed. Andrus provided breath samples which measured his blood alcohol content at .247/.248.

Andrus was initially charged with misdemeanor DUI. The State offered a plea deal, which was revoked two days later upon confirmation of additional DUI convictions. The State

1

then amended the charge to a felony. Andrus was found guilty after a jury trial. Andrus appealed the denial of both an Idaho Criminal Rule 35 motion for reconsideration of his sentence and a petition for post-conviction relief, which were both affirmed by this Court. *State v. Andrus*, 2016 Docket No. 42878 (Ct. App. Jan. 14, 2016) (unpublished); *Andrus v. State*, Docket No. 44686 (Ct. App. Jan. 24, 2018) (unpublished).

While his post-conviction appeal was pending, Andrus filed a motion for relief from judgment under Idaho Rule of Civil Procedure 60(b)(6), which was denied by the district court. Andrus appealed, and this Court reversed the district court's denial and remanded the matter for further proceedings. *Andrus v. State*, 164 Idaho 565, 570, 433 P.3d 665, 670 (Ct. App. 2019). On remand, Andrus filed an amended Rule 60(b) motion and a motion to amend his petition for post-conviction relief, both of which the district court granted. Andrus filed an amended petition for post-conviction relief alleging various instances of ineffective assistance of trial counsel. After an evidentiary hearing and briefing by the parties, the district court denied the petition. Andrus timely appeals.

## II.

## STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the district court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

## III.

## ANALYSIS

Andrus argues that the district court erred by denying his petition for post-conviction relief. Specifically, Andrus argues that he proved his trial counsel provided ineffective assistance by failing to: (1) object to the prosecutor's remarks in closing arguments; (2) convey the State's plea offer before it was withdrawn; and (3) file motions to exclude the breath test results and expert testimony on the Widmark Equation. We address each of these contentions below.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### A.      Prosecutor's Closing Argument

Andrus argues that the district court erred in failing to find that counsel's failure to object to statements made by the prosecutor during closing arguments was objectively unreasonable and that he was prejudiced by the deficiency. At trial, Andrus testified that he began drinking after arriving at the bridge, and therefore did not drive while under the influence. The prosecutor argued that Andrus "hasn't told the truth to anyone, anyone, and his story changes whenever it is convenient for him." The prosecutor further argued that Andrus was dishonest and manipulative and stated:

Let's go over those stories.  ***The defendant lied*** to Bishop Kear about his whereabouts.  He lied to Kear, Swearingen, Moeller, Cahoon, Williams, and Nebeker about his suicidal, ideations, and he's saying that he was depressed that day, but you also heard what happened at the hospital.  I'm not suicidal anymore.  I just want help with my hip.  ***He manipulated those people.  He manipulated the sheriff's deputies and the dispatchers and the medical staff, and now he's trying to manipulate*** *you*.  He's good at it.  One of the best I've ever seen.  He knows how to speak.  He knows how to present, and he's so good he's won an Emmy.  He also told you that what he really wanted that day was human contact, a friend.  He wouldn't tell his friends where he was.  ***He was manipulating them; now he's trying to manipulate*** *you*.  ***Don't be manipulated.  Please find the defendant guilty.***  Thank you.

(Emphasis added).

In the district court, Andrus stated the issue as "Petitioner argues that the prosecutor cannot refer to a defendant as a liar or assert that a defendant is attempting to manipulate a jury." Andrus equated the prosecutor stating that he was a manipulator to calling him a liar and relied on this Court's decision in *State v. Kuhn*, 139 Idaho 710, 85 P.3d 109 (Ct. App. 2003) to assert that such statements amounted to misconduct and were, therefore, objectionable.  As to attempting to manipulate the jury, Andrus relied on cases from foreign jurisdictions to argue that the statement was improper and objectionable.  On appeal, Andrus focuses primarily on an argument that the statement "He's good at it.  One of the best I've ever seen." as an improper opinion from the prosecutor.  However, as set forth above, that was not the issue raised to the district court and was not argued in either Andrus's initial or reply brief to the district court.  In fact, in Andrus's post-trial briefing, he specifically identified the statements he argued were improper.  Those statements are set out in bold and italics in the quote above.  Andrus argued: "The bolded and italicized portions of this paragraph are blatant examples of impermissible prosecutorial misconduct."  Not surprisingly, the district court did not specifically address whether any statement of the prosecutor constituted an improper expression of opinion.  This matter was tried to the district court and Andrus was obligated to present his case and any basis for relief to the trier of fact.  We, therefore, decline to separately address the opinion argument.

The district court distinguished the facts of this case from those in *Kuhn*.  In *Kuhn*, the record contained various inconsistencies in the defendant's testimony. The State argued that lies could be inferred or deduced from these inconsistencies.  This Court recognized the inconsistencies and noted that the prosecutor pointing out such inconsistencies was not improper.  However, this Court held that the prosecutor committed prosecutorial misconduct by calling the

4

defendant a "liar and a thief" in closing argument and expressly accusing the defendant of committing perjury, an independent felony. *Id*. at 716, 85 P.3d at 1115. Here, the district court found that the record did not just contain inferences but, to the contrary, numerous examples of Andrus admitting that he lied and manipulated people on many occasions, including those mentioned by the prosecutor. The district court found that the prosecutor's statements were actually restatements of uncontested fact and held that "[The prosecutor] was pointing out a pattern of manipulative conduct and behavior on the part of the Petitioner that was supported by evidence in the record, *including the Petitioner's own testimony*." The district court concluded that given Andrus's admissions, it cannot be said that the comments of the prosecutor were calculated to inflame the minds of the jurors or arouse prejudice or passion against Andrus.

We agree that this case is different from *Kuhn* in regard to the State's argument as to Andrus's manipulation. The district court found that Andrus admitted to lying to and manipulating people on many occasions. For instance, the district court found that Andrus admitted he lied to Kear, told different stories regarding the facts to members of the hospital staff in an attempt to manipulate them into providing medical care, and told others, including officers, about his purported suicidal ideations all to manipulate the system for medical attention. This is not a case, as in *Kuhn*, of drawing inferences from inconsistencies or alleging a separate felony. A prosecuting attorney may comment on the truth or falsity of testimony or the guilt of the defendant when it is based upon the evidence. *State v. Williams*, 163 Idaho 285, 296, 411 P.3d 1186, 1197 (Ct. App. 2018). That is what occurred here. As found by the district court, the prosecutor's comments regarding Andrus's attempts at manipulation are clearly based on the evidence presented at trial, primarily his own admissions. Andrus admitted to lying to and manipulating several individuals, and the prosecutor did not commit objectionable error by pointing that fact out to the jury. Notably, the district court also found that the prosecutor's statements were not calculated to inflame the minds of the jurors or arouse their passion or prejudices against Andrus. Therefore, Andrus failed to prove that trial counsel's performance was deficient in failing to object.

As noted, to establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. Assuming that some aspect of the prosecutor's argument to the jury was improper and counsel was deficient for failing to object, Andrus failed

5

to prove prejudice. First, while Andrus acknowledges the prejudice standard, he does not attempt to show how any deficient performance affected the outcome of the trial. Instead, he repeatedly argues that if counsel had objected and the district court overruled the objection, the error would be reviewed (presumably on direct appeal) for harmless error, with the State having the burden of demonstrating harmlessness. Andrus has failed to argue or prove that but for the failure to object, to a reasonable probability, the outcome of the trial would have been different. Second, the trial court instructed the jury that the arguments and statements made by counsel did not constitute evidence. "[T]his Court presumes the jury followed the court's jury instructions, even when the prosecutorial misconduct occurs after the jury receives its instructions from the trial court." *State v. Saenz*, 167 Idaho 443, 451, 470 P.3d 1252, 1260 (Ct. App. 2020) (internal citation and quotation marks omitted). Finally, as noted by the district court in *Kuhn*, while this Court found the prosecutor's statements to be improper, we also determined that Kuhn was not prejudiced. *Kuhn*, 139 Idaho at 716, 85 P.3d at 1115. In weighing prejudice, we noted that there were, as noted by the prosecutor, various inconsistencies in Kuhn's testimony that were harmful to his defense. *Id*. Here, the evidence is much more damaging as it consists of actual admissions by Andrus of lying and manipulation, not just inconsistencies. Andrus failed to prove prejudice from counsel's failure to object to the prosecutor's argument.

**B.     Plea Offer**

Andrus next argues that the district court erred in finding that counsel's failure to convey the State's plea offer before it was withdrawn was not objectively unreasonable and that he was not prejudiced as a result. The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process. *Fortin v. State*, 160 Idaho 437, 445, 374 P.3d 600, 608 (Ct. App. 2016).

The State initially provided counsel with a plea offer which proposed that Andrus plead guilty to a misdemeanor charge of an excessive DUI. By its terms, the offer was set to expire seven days later, on April 29, 2019, the date of the pretrial conference. The district court found that the offer was received, at the earliest, on April 23, 2019. The district court also found, from trial counsel's testimony, that he probably reviewed the offer on April 24, was busy in court all day on April 24 and 25, and, given his schedule, the earliest he would have been able to go to the jail to present and discuss the offer with Andrus would have been on April 26. On April 25, two days after extending the offer, and before counsel could convey the offer to Andrus, the State

6

received confirmation of additional out-of-state DUIs, withdrew the plea offer, and elevated the charge to felony DUI. Andrus argues that counsel's failure to review and convey the plea offer within the two days before it was withdrawn was objectively unreasonable. Further, he argues that he was prejudiced because he would have accepted the plea deal were it offered to him. The district court disagreed, finding that failing to convey a plea offer that was held open for seven days within two days was not objectively unreasonable and that Andrus was not prejudiced because he failed to show that he or the trial court would have accepted the plea offer.

We agree with the district court that counsel's failure to convey the plea offer before it was revoked was not unreasonable. Counsel only had the plea offer for two days before it was revoked, and did not act unreasonably in failing to convey the plea deal to Andrus any sooner than the seven days expressly given by the State. Andrus argues that because the plea offer came with information regarding Andrus's criminal history, which suggested a potential felony charge, counsel acted unreasonably in any delay in conveying the misdemeanor offer. While counsel would have been made aware of Andrus's criminal history and the potential of elevated charges, he would also have been aware that the State already knew about Andrus's past DUIs and still made the misdemeanor plea offer. As the district court found, this is not a case of procrastination or unreasonable promptness on the part of counsel. Andrus has failed to demonstrate deficient performance in regard to the plea offer.

As to prejudice, we again agree with the district court. To demonstrate prejudice based on counsel's failure to convey a plea offer, the petitioner must show: (1) he would have accepted the plea and the State would not have withdrawn it in light of intervening circumstances; (2) the court would have accepted its terms; and (3) the conviction or sentence under the plea agreement would have been more favorable than the conviction or sentence ultimately imposed. *Id.* at 446, 374 P.3d at 609. Andrus could not satisfy this standard because the State, in fact, withdrew the offer in light of intervening circumstances. After the evidentiary hearing, the district court found that Andrus had failed to prove that he would have accepted the plea offer and that the court would have accepted its terms. Andrus has neither shown that the district court's factual determinations are clearly erroneous nor that the district court erred in its application of the law to those factual findings.

The evidence in the record does not support a claim by Andrus that he would have accepted the plea offer. Instead, the record reflects, as the district court found, that Andrus

insisted that his attorney go to trial to prove his innocence and that he was not interested in asking for or accepting a plea offer. While Andrus now claims that he would have accepted the offer, he failed to present such evidence in the record or convince the finder of fact of its truth. Further, the district court found that it is also unlikely that the court would have accepted the terms of the plea deal had the State sought to revoke it in light of the additional DUIs. Acceptance of a guilty plea is specifically within the discretion of the trial court. *Schoger v. State*, 148 Idaho 622, 630, 226 P.3d 1269, 1277 (2010). While Andrus argues that the court could not compel the State to pursue felony charges, this is entirely irrelevant as the State elected to pursue felony charges. Additionally, even had Andrus accepted the offer before it was revoked, the State's obligations under a plea agreement ripen only upon entry of a plea. *State v. Pierce*, 150 Idaho 725, 728, 249 P.3d 1180, 1183 (Ct. App. 2011). Andrus has failed to prove prejudice regarding the plea offer.

### C. Motion in Limine

Lastly, Andrus argues that the district court erred in finding that counsel's failure to file a motion in limine to exclude Andrus's breath test results and the Widmark Equation evidence were not objectively unreasonable and did not prejudice Andrus. The district court found that, had Andrus's counsel filed a motion in limine, it would not likely have been successful and, therefore, counsel's failure to do so was not objectively unreasonable or prejudicial. Andrus claims that the breath test results should have been excluded because the officer did not, as required, adequately monitor Andrus for fifteen minutes before administering the test. Additionally, Andrus argues that expert testimony utilizing the Widmark Equation, which is used to estimate blood alcohol content, should have been excluded as unreliable, since the expert lacked necessary facts. The district court held that the record disproved both of these claims.

Standard operating procedures for breath alcohol testing require the subject be monitored for at least fifteen minutes prior to testing. *Bennett v. State, Dep't of Transp.*, 147 Idaho 141, 144, 206 P.3d 505, 508 (Ct. App. 2009). The purpose of this requirement is to "rule out the possibility that alcohol or other substances have been introduced into the subject's mouth from the outside or by belching or regurgitation." *Id*. The level of monitoring "must be such as could reasonably be expected to accomplish the purpose of this requirement" and the officer need not "stare fixedly" at the subject but may use other monitoring senses as well. *Id*. All that is ordinarily required is that the officer stay in close physical proximity to the test subject so that

8

the officer's senses of sight, smell, and hearing can be employed. *Id*. Andrus argues that a motion in limine should have been filed by counsel to exclude the breath test results because one of the attending officers testified that he did not look at Andrus for the full fifteen-minute period. However, the district court found that there were up to three officers in the room monitoring Andrus for the entire fifteen-minute period. This finding is supported by the jail video and the testimony of the officer. In addition, the district court found uncontroverted the testimony of a breath test specialist who testified that there was no possibility of mouth alcohol affecting the breath test results because of the acceptable tolerance of blood alcohol concentration between the two test results. Further the machine used would not accept the breath test as a valid sample if Andrus had belched or regurgitated during the fifteen-minute monitoring period. These findings are also supported by the record.

The Widmark Equation is an equation that predicts how the body absorbs and eliminates alcohol. Andrus argues that the State's expert witness lacked necessary facts to extrapolate Andrus's blood alcohol content and to show that he was intoxicated while driving to the bridge. However, as the district court noted, that is not how the evidence was used by the State at trial. Rather than extrapolating what Andrus's blood alcohol content would have been while driving to the bridge based on unknown facts, the State's expert applied the facts testified to by Andrus himself, claiming that he started drinking only after arriving at the bridge, to show that Andrus's actual blood alcohol content was much higher than it would have been had he began drinking when he claimed. The district court expressly acknowledged the various factors to be utilized in the equation, all of which were derived from Andrus himself. These factors included Andrus's weight, gender, type of alcohol consumed, quantity of alcohol consumed, time of consumption to testing, period of consumption, food consumption, and alcohol tolerance. The expert considered all of these factors in employing the equation. This expert testimony assisted the jury, was relevant to the facts at issue, and was based on facts in the record.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the

9

*Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. Andrus failed to prove that counsel was deficient or that he was prejudiced by counsel's failure to file a motion in limine.

## IV.

## CONCLUSION

The district court did not err by denying Andrus's petition for post-conviction relief. Accordingly, the district court's order denying Andrus's petition for post-conviction relief is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.