## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 42599

| | | |
|---|---|---|
| JEREMEY COUGAR EWING, | ) | 2015 Unpublished Opinion No. 777 |
| | ) | |
| Petitioner-Appellant, | ) | Filed:  December 31, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| TRANSPORTATION DEPARTMENT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Jay P. Gaskill, District Judge.

Decision of the district court, acting in its appellate capacity, affirming the administrative suspension of driver's license, <u>reversed</u>; license suspension <u>vacated</u>.

Clark and Feeney; Charles M. Stroschein, Lewiston, for appellant.

Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent.

_____

GRATTON, Judge

Jeremey Cougar Ewing appeals from the district court's decision, upon judicial review, affirming the Idaho Transportation Department's (ITD) order suspending his driver's license. Ewing challenges the validity of the standard operating procedures (SOPs) for breath testing and argues the hearing procedures deprived him of due process, the hearing officer violated his equal protection rights, and the breath test violated Idaho Code § 18-8002A(7)(d).  We reverse the district court's decision affirming the hearing officer's decision and vacate Ewing's license suspension.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On March 16, 2014, an officer arrested Ewing for driving under the influence of alcohol and issued him a notice of license suspension and temporary (thirty-day) driving permit.

Ewing requested an administrative hearing to contest his license suspension on March 18, 2014. Ewing also requested that the hearing officer issue several subpoenas. On March 24, 2014, the hearing officer sent out the subpoenas requested by Ewing and issued Ewing a notice of telephone hearing to be held on April 10, 2014. The hearing officer also sent Ewing a show cause letter indicating the officer had extended the hearing date pursuant to I.C. § 18-8002A(7) to "allow time for the receipt of subpoenaed evidence requested by [Ewing]." In response, Ewing filed an objection to the extension of the hearing date and requested a hearing on the matter. The hearing officer did not respond to Ewing's objection.

On April 10, 2014, the hearing officer conducted the hearing. Ewing's temporary driving permit expired on April 15, 2014. On April 16, 2014, Ewing requested and the hearing officer granted a stay of the license suspension until the hearing officer issued his decision. The hearing officer issued his findings of fact and conclusions of law on May 12, 2014, sustaining Ewing's license suspension and concluding that "the evidentiary test was performed in compliance with Idaho Law and ISP Standard Operating Procedures."

Ewing filed a petition for judicial review, and the district court affirmed the hearing officer's decision. Ewing appeals the district court's decision.

## II.

## ANALYSIS

Ewing argues the applicable SOPs are invalid because they were not properly promulgated as rules. He also contends that the administrative license suspension procedures fail to meet due process requirements. According to Ewing, the procedures violated his due process rights because his temporary driver's license expired prior to issuance of the stay of his license suspension and the hearing officer's decision. Ewing also claims the hearing officer violated his equal protection rights by extending the hearing date to obtain discovery under Ewing's requested subpoenas. Finally, Ewing asserts that his breath test violated I.C. § 18-8002A(7)(d) because the officer did not complete a performance verification within 24 hours of testing.

The Idaho Administrative Procedure Act 2009 (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Dep't of Transp.*, 137 Idaho 337, 340,

48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine County, ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette County Bd. of County Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

The administrative license suspension statute, I.C. § 18-8002A, requires that ITD suspend the driver's license of a driver who has failed a breath alcohol content test administered by a law enforcement officer. The period of suspension is ninety days for a driver's first failure of an evidentiary test, and one year for any subsequent test failure within five years. I.C. § 18-8002A(4)(a). A person who has been notified of such an administrative license suspension may request a hearing before a hearing officer designated by ITD to contest the suspension. I.C. § 18-8002A(7). At the administrative hearing, the burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). The hearing officer must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds enumerated in I.C. § 18-8002A(7) for vacating the suspension. Those grounds include:

3

(a)     The peace officer did not have legal cause to stop the person; or

(b)     The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(c)     The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(d)     The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or

(e)     The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7).  The hearing officer's decision is subject to challenge through a petition for judicial review.  I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133.

Ewing argues that the SOPs for breath alcohol testing in place at the time he was tested do not have the full force and effect of law, and accordingly, any agency action resting on the SOPs must be set aside.  The only applicable provision for the hearing officer to vacate Ewing's license suspension is the first clause of subsection (d) of I.C. § 18-8002A(7), which requires a driver to show that "the tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code."  Idaho Code § 18-8004(4) provides, in relevant part:

Analysis of blood, urine or breath for the purpose of determining the alcohol concentration shall be performed by a laboratory operated by the Idaho state police or by a laboratory approved by the Idaho state police under the provisions of approval and certification standards to be set by that department, or by any other method approved by the Idaho state police.  Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or approved by the Idaho state police or by any other method approved by the Idaho state police shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

The Idaho State Police (ISP) approved the SOPs for breath testing.  Two cases recently decided by the Idaho Supreme Court determined that the applicable SOPs are void because they

4

were not adopted pursuant to IDAPA.[1] *State v. Riendeau*, 159 Idaho 52, 355 P.3d 1282 (2015); *State v. Haynes*, 159 Idaho 36, 355 P.3d 1266 (2015).

In *Haynes*, the Supreme Court analyzed I.C. § 18-8004(4). The Court noted that the "statute requires that analysis of *blood or urine* 'shall be performed by a laboratory operated by the Idaho state police or by a laboratory approved by the Idaho state police under the provisions of approval and certification standards to be set by that department.'" *Haynes*, 159 Idaho at 44, 355 P.3d at 1274 (emphasis added). With respect to *breath testing*, the Court noted that I.C. § 18-8004(4) provides that:

> "[a]nalysis of . . . breath for the purpose of determining the alcohol concentration shall be performed . . . by any other method approved by the Idaho state police." The "any other method" would be a method other than in a laboratory operated or approved by the State Police. The 2013 SOPs set forth procedures to implement breath testing under section 18-8004(4).

*Id.* Because the 2013 SOPs substantially conformed to the Court's definition in *Asarco, Inc. v. State*, 138 Idaho 719, 69 P.3d 139 (2003) of a rule, the Court held "the 2013 SOPs would constitute rules" that must be adopted in compliance with IDAPA. *Haynes*, 159 Idaho at 45, 355 P.3d at 1275. The 2013 SOPs were not adopted in compliance with IDAPA, and accordingly, the Court held that the 2013 SOPs were void. *Id.*[2]

In this case, the hearing officer concluded that "the evidentiary test was performed in compliance with Idaho Law and ISP Standard Operating Procedures." However, the *Haynes* Court interpreted I.C. § 18-8004(4) to require that ISP's approved method for breath testing be adopted in compliance with IDAPA. Thus, Ewing's breath test could not be conducted in accordance with the requirements of I.C. § 18-8004(4) because the method approved by ISP and used for Ewing's test (the 2013 SOPs) was not adopted in compliance with IDAPA. Because Ewing's breath test was not conducted in accordance with the requirements of I.C. § 18-8004(4), Ewing successfully demonstrated that the grounds enumerated in I.C. § 18-8002A(7)(d) for vacating the suspension were met. Thus, the hearing officer's decision upholding the license suspension was contrary to I.C. § 18-8002A(7)(d) and unsupported by evidence in the record.

---

[1] The *Haynes* and *Riendeau* Courts addressed the SOPs existing in 2013, which are applicable to the present case. The SOPs have since been promulgated as rules.

[2] Ewing's challenge to the SOPs is similar to those in *Haynes* and *Riendeau*, and although this is an ALS proceeding, not a criminal case, our analysis is the same.

Accordingly, we reverse the district court's decision affirming the hearing officer's decision and vacate Ewing's license suspension.

Because we are vacating Ewing's license suspension, we need not address his claims that the hearing procedures deprived him of due process, the hearing officer violated his equal protection rights, and the breath test violated I.C. § 18-8002A(7)(d).

## III.

## CONCLUSION

Ewing's breath test was not conducted in accordance with the requirements of I.C. § 18-8004(4), Ewing successfully demonstrated that the grounds enumerated in I.C. § 18-8002A(7)(d) for vacating the suspension were met, and the hearing officer's decision upholding the license suspension was contrary to I.C. § 18-8002A(7)(d) and unsupported by evidence in the record. The district court's decision affirming the hearing officer's decision is reversed. Ewing's license suspension is vacated.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

6