## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 43510

| | | |
|---|---|---|
| PATRICK GLEN HAMILTON, | ) | 2016 Unpublished Opinion No. 546 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 23, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO TRANSPORTATION | ) | THIS IS AN UNPUBLISHED |
| DEPARTMENT, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge.

Decision of the district court, affirming an administrative order suspending a driver's license for failing breath alcohol concentration test, <u>reversed</u>.

Clark & Feeney; Charles M. Stroschein, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Edwin L. Litteneker, Special Deputy Attorney General, Lewiston, for respondent.

_____

MELANSON, Chief Judge

Patrick Glen Hamilton appeals from the district court's decision upon judicial review affirming the Idaho Transportation Department's (ITD) order suspending Hamilton's driver's license after failing an alcohol concentration test. Hamilton argues that the hearing officer's decision upholding his driver's license suspension was erroneous and should be set aside. For the reasons set forth below, we reverse the district court's decision and vacate the order suspending Hamilton's driver's license.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 6, 2014, Hamilton was stopped for improper display of registration stickers. I.C. § 49-433(4). The officer who stopped Hamilton noticed the smell of alcohol

1

coming from the vehicle and that Hamilton's eyes were glassy. Hamilton admitted to consuming alcohol prior to driving and the officer conducted standard field sobriety tests, which Hamilton failed to perform satisfactorily. Subsequent breath tests were conducted and indicated levels of .108 and .111, which exceed the statutory limit. The officer issued Hamilton a notice of license suspension. Hamilton requested a hearing with the ITD's administrative hearing examiner. At the hearing on October 1, 2014, Hamilton argued that his driver's license should not be suspended. The hearing examiner sustained the suspension of Hamilton's license. Hamilton appealed to the district court. The district court found that Hamilton had failed to demonstrate that a basis existed pursuant to I.C. § 18-8002A(7) to set aside the examiner's decision suspending Hamilton's driving privileges. Hamilton again appeals.[1]

## II.

## ANALYSIS

Hamilton argues that the hearing examiner's decision upholding Hamilton's driver's license suspension was erroneous and should be set aside. Hamilton contends that the applicable standard operating procedures (SOPs) governing breath test procedures were invalid at the time of his test because they were not properly promulgated as rules and thus, the breath test results were invalid. He also contends that the officer did not have legal cause to stop Hamilton and that the applicable statutes regarding license plates and registration stickers are void for vagueness.

The Idaho Administrative Procedures Act (IDAPA) governs the review of ITD decisions to deny, cancel, suspend, disqualify, revoke, or restrict a person's driver's license. *See* I.C. §§ 49-201, 49-330, 67-5201(2), 67-5270. In an appeal from the decision of the district court acting in its appellate capacity under the IDAPA, this Court reviews the agency record independently of the district court's decision. *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002). This Court does not substitute its judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on

---

[1]     Hamilton's license suspension has been stayed pending judicial review.

the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty.*, *ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

The Court may overturn an agency's decision where its findings, inferences, conclusions, or decisions: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. I.C. § 67-5279(3). The party challenging the agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. If the agency's decision is not affirmed on appeal, it shall be set aside and remanded for further proceedings as necessary. I.C. § 67-5279(3).

The Administrative License Suspension statute, I.C. § 18-8002A, requires that the ITD suspend the driver's license of a driver who has failed an alcohol concentration test administered by a law enforcement officer. A person who has been notified of such an administrative license suspension (ALS) may request a hearing before a hearing officer designated by the ITD to contest the suspension. I.C. § 18-8002A(7). The burden of proof rests upon the driver to prove any of the grounds to vacate the suspension. I.C. § 18-8002A(7); *Kane v. State, Dep't of Transp.*, 139 Idaho 586, 590, 83 P.3d 130, 134 (Ct. App. 2003). Once the driver has made an initial prima facie showing of evidence proving some basis for vacating the suspension, the burden shifts to the state to rebut the evidence presented by the driver. *See Kane*, 139 Idaho at 590, 83 P.3d at 134. The hearing examiner must uphold the suspension unless he or she finds, by a preponderance of the evidence, that the driver has shown one of several grounds, enumerated in I.C. § 18-8002A(7)(a)-(e), for vacating the suspension. Those grounds include:

> (a) The peace officer did not have legal cause to stop the person; or
> (b) The officer did not have legal cause to believe the person had been driving or was in actual physical control of a vehicle while under the influence of alcohol, drugs or other intoxicating substances in violation of the provisions of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(c)     The test results did not show an alcohol concentration or the presence of drugs or other intoxicating substances in violation of section 18-8004, 18-8004C or 18-8006, Idaho Code; or

(d)     The tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements of section 18-8004(4), Idaho Code, or the testing equipment was not functioning properly when the test was administered; or

(e)     The person was not informed of the consequences of submitting to evidentiary testing as required in subsection (2) of this section.

I.C. § 18-8002A(7). The hearing examiner's decision is subject to challenge through a petition for judicial review. I.C. § 18-8002A(8); *Kane*, 139 Idaho at 589, 83 P.3d at 133.

In part, Hamilton contends that the applicable breath alcohol concentration test SOPs were void under Idaho decisional law, and therefore the test could not have been conducted in accordance with I.C. § 18-8004(4). Conversely, the state argues that the hearing examiner correctly found that the applicable SOPs were properly adopted as a temporary rule. In reply, Hamilton implies that the hearing examiner erred by concluding that the SOPs were adopted as a rule under the IDAPA. He also argues that, even if rulemaking were to have taken place, the record lacks evidence that the governor made the required findings to establish a temporary rule.

Given Hamilton's argument in this regard, the only applicable provision for the hearing examiner to have vacated Hamilton's license suspension is the first clause of subsection (d) of I.C. § 18-8002A(7), which requires a driver to show that "the tests for alcohol concentration, drugs or other intoxicating substances administered at the direction of the peace officer were not conducted in accordance with the requirements" of Section 18-8004(4). Section 18-8004(4) provides, in relevant part:

Analysis of blood, urine or breath for the purpose of determining the alcohol concentration shall be performed by a laboratory operated by the Idaho state police or by a laboratory approved by the Idaho state police under the provisions of approval and certification standards to be set by that department, or by any other method approved by the Idaho state police. Notwithstanding any other provision of law or rule of court, the results of any test for alcohol concentration and records relating to calibration, approval, certification or quality control performed by a laboratory operated or approved by the Idaho state police or by any other method approved by the Idaho state police shall be admissible in any proceeding in this state without the necessity of producing a witness to establish the reliability of the testing procedure for examination.

4

Pursuant to I.C. § 18-8004(4), the Idaho State Police (ISP) is charged with promulgating standards for administering tests for breath alcohol content. *State v. DeFranco*, 143 Idaho 335, 337, 144 P.3d 40, 42 (Ct. App. 2006). To carry out the authority conferred by that statute, the ISP issued operating manuals as well as SOPs establishing procedures for the maintenance and operation of breath testing equipment. *In re Mahurin*, 140 Idaho 656, 658, 99 P.3d 125, 127 (Ct. App. 2004). Noncompliance with the procedures is a ground for vacating an ALS under I.C. § 18-8002A(7)(d). *Mahurin*, 140 Idaho at 658-59, 99 P.3d at 127-28.

Below, the hearing examiner found that Hamilton's challenge to the applicable SOP was irrelevant because the SOPs were adopted as IDAPA rules. Specifically on this issue, the hearing examiner found:

1. Hamilton argued [ISP] had not adopted the SOP into IDAPA Rules.
2. Hamilton failed an evidentiary breath test on September 7, 2014.
3. On September 02, 2014 [ISP] adopted the SOP into IDAPA Rules. See http://www.isp.idaho.gov/isp/citizen/legislation.htmlisp.idaho.gov/isp/citizen/legislation [sic] and http://adminrules.idaho.gov/bulletin/2014/10.pdf#page= (pages 171 to 178).
4. Hamilton's arguments regarding SOP and the emails about the SOP are irrelevant in this ALS hearing since Hamilton submitted to an evidentiary breath test after the SOP had already been adopted into IDAPA Rules.

Hamilton asserts that this Court's decision in *Hern v. Idaho Transp. Dep't*, 159 Idaho 671, 365 P.3d 427 (Ct. App. 2015) supports his contention that the applicable SOPs, in effect at the time of his breath test, were void and were not adopted as a rule. In *Hern*, we held that Hern's breath test could not be conducted in accordance with the requirements of I.C. § 18-8004(4) because the method approved by the ISP and used for Hern's test (the 2013 SOPs) was not adopted in compliance with the IDAPA. *Id.* at 675, 365 P.3d at 431. Our holding in *Hern* was predicated on two cases decided by the Idaho Supreme Court which determined that the SOPs were void because they were not adopted pursuant to the IDAPA. *See State v. Haynes*, 159 Idaho 36, 355 P.3d 1266 (2015); *State v. Riendeau*, 159 Idaho 52, 355 P.3d 1282 (2015).[2]

_____

[2] The *Haynes*, *Riendeau*, and *Hern* Courts addressed the SOPs existing in 2013, which are applicable to the present case. The SOPs have since been promulgated as rules.

In *Haynes*, the Supreme Court analyzed I.C. § 18-8004(4). The Court noted that the statute requires testing to determine alcohol concentration be performed under the provisions of approval and certification standards set by the ISP. With respect to breath testing, the Court noted:

> Idaho Code section 18-8004(4) provides that "[a]nalysis of . . . breath for the purpose of determining the alcohol concentration shall be performed . . . by any other method approved by the Idaho state police." The "any other method" would be a method other than in a laboratory operated or approved by the State Police. The 2013 SOPs set forth procedures to implement breath testing under section 18-8004(4).

*Haynes*, 159 Idaho at 44, 355 P.3d at 1274. Because the 2013 SOPs substantially conformed to the Court's definition of a rule in *Asarco, Inc. v. State*, 138 Idaho 719, 723, 69 P.3d 139, 143 (2003), the Court held "the 2013 SOPs would constitute rules" that must be adopted in compliance with the IDAPA. *Haynes*, 159 Idaho at 45, 355 P.3d at 1275. The Court noted that the state did not contend that the 2013 SOPs were adopted in substantial compliance with the IDAPA and were therefore void. *Id.*[3]

Although the same SOPs are implicated in this case, this case is distinct from *Haynes* and *Hern*. In those cases, the state did not argue, let alone show, that the applicable SOPs had been properly adopted under the IDAPA at the time the evidentiary tests were conducted, and thus, the respective breath tests could not have complied with I.C. § 18-8004(4). Here, however, the state argues that the ISP adopted the breath alcohol testing SOPs as a temporary and proposed rule consistent with the requirements with the IDAPA on September 2, 2014, five days prior to Hamilton's breath test. Consequently, the issue is whether, at the time of Hamilton's breath test, the applicable SOPs were adopted in compliance with the IDAPA by a valid temporary rule.

Rules may be promulgated by an agency when authorized by statute. I.C. § 67-5231. Such rules, whether temporary or final, are voidable unless adopted in substantial compliance with chapter 52 of the IDAPA. I.C. § 67-5231; *Haynes*, 159 Idaho at 46, 355 P.3d at 1275. A temporary rule is a rule authorized by the governor to become effective before it has been

---

[3]    Hamilton's challenge to the SOPs relates to that in *Haynes* and *Riendeau*, and although this is an ALS proceeding, not a criminal case, our analysis is the same. *See Hern*, 159 Idaho at 675 n.4, 365 P.3d at 431 n.4.

submitted to the legislature.  I.C. § 67-5201(23).  The legal requirements under the IDAPA for adoption of a temporary rule by an administrative agency are found in I.C. § 67-5226 and repeated in IDAPA 04.11.01.840.  In pertinent part, I.C. § 67-5226 provides:

> (1)    If the governor finds that:
>    (a)    Protection of the public health, safety, or welfare; or
>    (b)    Compliance with deadlines in amendments to governing law or federal programs; or
>    (c)    Conferring a benefit;
> requires a rule to become effective before it has been submitted to the legislature for review *the agency may proceed with such notice as is practicable and adopt a temporary rule*, except as otherwise provided in section 67-5229(1)(d), Idaho Code.  *The agency may make the temporary rule immediately effective.*  The agency shall incorporate the required finding and a concise statement of its supporting reasons in each rule adopted in reliance upon the provisions of this subsection.
>          . . . .
> (4)    Temporary rules shall be published in the first available issue of the bulletin.

(emphasis added).

In this case, the state contends that the SOPs were properly adopted into the IDAPA on September 2, 2014, as a temporary rule.  As evidence of compliance with I.C. § 67-5226, the state attached to its appellate brief the ISP's notice of rulemaking as published in the Idaho Administrative Bulletin.  Hamilton filed a motion to strike the exhibit, noting that the district court had not considered the notice and that the notice did not appear in either the clerk's record or the ITD's suspension review record.  The Idaho Supreme Court granted Hamilton's motion and ordered that the exhibit attached to the state's brief be stricken.  No further explanation was provided.  We do not have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law.  *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012).  Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is beyond the purview of this Court.  *Id.*  Thus, the exhibit relied upon in the state's brief is not properly before this Court.

We also note that the hearing examiner reached the legal conclusion that the ISP had adopted the applicable SOPs into the IDAPA rules on September 2, 2014.  The hearing examiner

7

cited two websites as support for this conclusion. However, the hearing examiner failed to include in the record any indication of what the contents of the websites were at that time. Neither did the hearing examiner make any findings of fact regarding compliance with I.C. § 67-5226. Specifically, there is nothing in the record that shows that the governor made the requisite findings, that there was notice of the temporary rule, or that the statute was effective at the time of Hamilton's breath test. Thus, the hearing examiner's dismissal of Hamilton's argument based on the conclusion that the applicable SOPs were properly adopted is not supported by substantial evidence. Moreover, aside from the stricken exhibit and the hearing examiner's conclusion, the state has not provided any other evidence of compliance with the temporary rule requirements. Therefore, there is insufficient evidence to show that the applicable SOPs in effect at the time of Hamilton's breath test were properly adopted into the IDAPA. *See Haynes*, 159 Idaho at 45, 355 P.3d at 1275.

Because we are reversing the district court, we need not address Hamilton's remaining claims that there was no legal cause for the traffic stop or that the statutes relating to registration stickers and license plates are void for vagueness.

## IV.

## CONCLUSION

The examiner's conclusion that the ISP had adopted a temporary rule relating to the breath alcohol testing standards in accordance with the requirements of the IDAPA was not supported by substantial evidence. Consequently, Hamilton's breath test was not conducted in accordance with the requirements of I.C. § 18-8004(4). Hamilton has successfully demonstrated that the grounds enumerated in I.C. § 18-8002A(7)(d) for vacating the suspension were met, and the hearing examiner's decision upholding the license suspension was unsupported by evidence in the record. Therefore, we reverse the decision of the district court and vacate Hamilton's administrative license suspension. Costs, but not attorney fees, on appeal are awarded to Hamilton.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.