IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43334

| | | |
|---|---|---|
| CODY JAMES FORTIN, | ) | 2016 Opinion No. 34 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 8, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise; Deborah Whipple, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

MELANSON, Chief Judge

Cody James Fortin appeals from the district court's summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2009, the state charged Fortin with aggravated battery (I.C. §§ 18-903(a), 18-907(a), and 18-907(b)) and use of a deadly weapon in the commission of a crime (I.C. § 19-2520). A jury found Fortin guilty. Fortin was sentenced to a unified term of twenty-five years, with a minimum period of confinement of twelve years. This Court later affirmed Fortin's judgment of conviction in an unpublished opinion. *State v. Fortin*, Docket No. 38069 (Ct. App. Apr. 30, 2012). Fortin filed a pro se petition for post-conviction relief alleging multiple instances of

1

ineffective assistance of trial counsel. Fortin alleged that trial counsel was ineffective in failing to advise him about the possible consequences of refusing to accept the state's plea offer that would have settled his underlying criminal case and a separate case,[1] resulting in fewer convictions and less prison time than he received in both cases. In connection with his petition, Fortin requested the appointment of counsel and that the district court take judicial notice of the entire record in both the underlying and separate criminal cases. The district court appointed counsel but denied Fortin's motion to take judicial notice for lack of specificity. During the ensuing twenty months of procedural filings and proceedings, Fortin did not file an amended petition or renew his motion for judicial notice specifying which documents he wanted the district court to take judicial notice of. The district court summarily dismissed Fortin's petition for post-conviction relief. Fortin appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1).

---

[1] In a separate case, Fortin pled guilty to aggravated battery on a law enforcement officer (I.C. §§ 18-903(b), 18-907(b), and 18-915(1)), and use of a deadly weapon in the commission of a crime (I.C. § 19-2520). The district court sentenced Fortin to a unified term of twenty years, with a minimum period of confinement of five years, to run consecutively to the sentence previously imposed in his aggravated battery case. This Court later affirmed Fortin's judgment of conviction and sentence in an unpublished opinion. *State v. Fortin*, Docket No. 40602 (Ct. App. Nov. 8, 2013). Fortin's post-conviction petition did not include this separate case, nor has he filed a petition for post-conviction relief relating to it. Accordingly, our review will be constrained to Fortin's arguments and allegations in regard to the underlying aggravated battery case.

Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be

3

appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Fortin argues that the district court erred in summarily dismissing his petition for post-conviction relief. He raises three issues on appeal. First, Fortin contends that the district court violated its duty to take judicial notice of the records of both the underlying and the separate criminal cases. Second, Fortin asserts that the district court's refusal to take judicial notice deprived him of his constitutional right of access to the courts. Third, Fortin argues that he raised a genuine issue of material fact as to whether trial counsel was ineffective in failing to advise him of the potential consequences of refusing the state's plea offer. We address each issue in turn.

### A.  Judicial Notice

Fortin filed a motion requesting the district court take judicial notice of "the entire underlying district court and appellate records" in his aggravated battery case and subsequent appellate case, as well as the companion aggravated battery on a law enforcement officer case. Fortin's motion requested the district court to also take notice of "all appendices, exhibits, and

attachments thereto for the purpose of these proceedings." In its order,[2] the district court denied Fortin's "blanket request" for judicial notice, ruling:

> Additionally, the Court will deny the motion to take judicial notice of the entire files of both underlying cases [the aggravated battery and aggravated battery on a law enforcement officer]. In the Court's view, the proper procedure is for the Court to take note of specific matters that are part of the files. These items must be made a part of the record in this case. The Court will take judicial [notice] of those items in the underlying files that are made a part of this file.

On appeal Fortin contends that his request for judicial notice was not a blanket request and was sufficiently specific under I.R.E. 201(d). Therefore, he asserts that the district court's refusal to take judicial notice constitutes a violation of its mandatory duty under I.R.E. 201(d). Conversely, the state argues that the district court properly denied Fortin's motion because he failed to comply with the rule's requirements.

A court's decision to take judicial notice of an adjudicative fact is a determination that is evidentiary in nature and is governed by the I.R.E. 201. *Newman v. State*, 149 Idaho 225, 226, 233 P.3d 156, 157 (Ct. App. 2010). We review lower court decisions admitting or excluding evidence under the abuse of discretion standard. *Dachlet v. State*, 136 Idaho 752, 755, 40 P.3d 110, 113 (2002). In reviewing a trial court's exercise of discretion we consider whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion and consistently with applicable legal standards; and (3) reached its decision by an exercise of reason. *Id*. at 756, 40 P.3d at 114. However, the interpretation of the rules of evidence is a question of law over which we exercise free review. *State v. Young*, 136 Idaho 113, 119, 29 P.3d 949, 955 (2001).

Idaho Rule of Evidence 201(b) provides that a court may take judicial notice of a fact when the fact is capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Under I.R.E. 201(d), a court must take judicial notice of records,

---

[2] The state also filed a motion requesting judicial notice of ten specifically listed documents relating to the underlying and separate criminal cases and appellate records. Fortin alleges that the district court failed to make a ruling on the state's motion for judicial notice. Although the district court did not directly address the state's motion in its order, the context of the district court's ruling, coupled with its declaration in its order summarily dismissing the petition that it took judicial notice of "the underlying files that were made a part of the record in this case," implies that the district court granted the state's motion for judicial notice.

5

exhibits, or transcripts from the court file in the same or a separate case if requested by a party and supplied with the necessary information. To provide the necessary information, "the party shall identify the specific documents or items for which the judicial notice is requested or shall proffer to the court and serve on all parties copies of such documents or items." I.R.E. 201(d). A district court may, without a request take judicial notice, of its own record in the case before it. *Larson v. State*, 91 Idaho 908, 909, 435 P.2d 248, 249 (1967).

The plain language of I.R.E. 201(d) requires specificity in identifying what documents or items the district court is requested take notice of. *See, e.g.*, *Taylor v. McNichols*, 149 Idaho 826, 835, 243 P.3d 642, 651 (2010). The Idaho Supreme Court held that where a party is requesting that a court take judicial notice of a document or items, that party must state with particularity what he or she is asking the court to take notice of. *Id.* at 835, 243 P.3d at 652. Where a party does not meet this requirement, it is improper for a court to take judicial notice under I.R.E. 201(d). *Taylor*, 149 Idaho at 835, 243 P.3d at 652. If a party fails to specify which material from the underlying case he or she is requesting, judicial notice is not mandatory. *See id.* (holding that, where it was erroneous for the district court to take judicial notice, it certainly cannot be said that such notice was mandatory and, therefore, I.R.E. 201(d) is inapplicable).

Fortin argues that *Taylor* is not controlling and attempts to distinguish the judicial request in *Taylor* from his own. Fortin contends that requesting a court to notice the entire record of multiple cases and appellate records is specific enough under the rule. Such an interpretation would burden courts, especially within the post-conviction context, and unnecessarily require courts to sift through large amounts of superfluous information in order to seek out relevant information that substantiates the party's claims. Rather, the party is in the best position to identify and refer the court to the relevant portions of the record that support his or her arguments. After this issue was discussed by the Idaho Appellate Rules Advisory Committee, I.R.E. 201(d) was amended to require that a party must designate what portions of the file he or she is requesting. Accordingly, based on the plain meaning and purpose of the rule, we hold that the specificity requirement of I.R.E. 201(d) requires that a party provide more than a blanket reference to an entire case when requesting a court to take judicial notice of documents or items within it.

In this case, Fortin filed a pro se motion requesting that the district court take judicial notice of the entire underlying record of two cases and an appellate record. Fortin did not specifically identify any particular document or item within those files, nor did he provide copies of any documents to the court or to the state. The district court denied Fortin's motion noting the need for specificity. Despite having notice of his deficient request for judicial notice, Fortin failed to subsequently amend his motion to comply with I.R.E. 201(d) or attempt to make documents from the underlying cases a part of the post-conviction case record. Indeed, approximately twenty months passed between the district court's order denying Fortin's motion and its order summarily dismissing Fortin's petition. During this time Fortin could have amended his motion for judicial notice and created the record he now alleges the district court deprived him of. *See* I.R.E. 201(f) (judicial notice may be taken at any stage of the proceeding). Therefore, we hold that, because Fortin failed to comply with the requirements of I.R.E. 201(d), there was no mandatory duty imposed on the district court to take blanket judicial notice of the requested case files. Accordingly, Fortin has failed to show the district court abused its discretion by denying his motion for judicial notice.

**B.      Access to the Courts**

Fortin argues in his initial appellant's brief that his constitutional right to access the courts was violated by the district court when it failed to take the judicial notice as requested, thereby depriving him of a record on appeal sufficient for adequate appellate review.[3] Noting that Fortin failed to raise any such objection or allege any constitutional deprivation below, the state argues that Fortin did not preserve the argument for appeal and failed to allege, let alone show, fundamental error. In his reply brief, Fortin reframed his constitutional deprivation argument in order to allege fundamental error. At oral argument, Fortin deviated from his

---

[3]      Fortin filed a motion with the Idaho Supreme Court seeking to augment the appellate record for purposes of this appeal. The Court denied Fortin's motion, reasoning that "it does not appear that the district court took judicial notice of the underlying post-conviction case." To the extent Fortin alleges any error, we do not have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is beyond the purview of this Court. *Id.*

previous argument regarding the applicability of fundamental error analysis in this context. Instead Fortin emphasized that the alleged deprivation demonstrated that the district court's denial of Fortin's request for judicial notice could not constitute harmless error. Regardless of the posture of Fortin's constitutional deprivation argument, we hold that it is without merit.

Given our holding that the district court did not err in denying Fortin's motion for judicial notice, to prevail on appeal, Fortin must demonstrate that I.R.E. 201(d) is unconstitutional or that he was otherwise entitled to judicial notice notwithstanding the requirements of the rule. Fortin has failed to attempt either and alleges he was denied access to the courts. It is well established that prisoners have a constitutional right of access to the courts for purposes of directly or collaterally challenging their convictions or sentences or the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996); *Martinez v. State*, 130 Idaho 530, 535, 944 P.2d 127, 132 (Ct. App. 1997); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977) (noting that the right to access the courts requires prison authorities to assist inmates in preparing and filing meaningful legal papers by providing them with adequate prison law libraries or adequate assistance from persons trained in the law). The protection, however, requires only that an inmate be given a reasonably adequate opportunity to present to the court his or her nonfrivolous legal claims. *See Lewis*, 518 U.S. at 351-53, 356. It is not a guarantee of a particular methodology to provide meaningful access to the courts but, rather, the conferral of the capability to bring contemplated challenges relating to their convictions, sentences, and conditions of confinement. *Id.* at 356-57.

Fortin alleges the district court denied him access to the courts by refusing to take judicial notice as he requested. Even presuming Fortin's claim is a proper access to the courts challenge, we note that Idaho's Uniform Post-Conviction Procedure Act provided Fortin both the opportunity and capability to challenge his conviction and sentence in the courts. Upon filing his petition, Fortin had the opportunity to develop a record sufficient to support his post-conviction claims by requesting the district court take judicial notice of specific documents or items within the desired case files. Additionally, he or his attorney could have provided copies of the desired documents. However, because Fortin failed to follow the requirements of I.R.E 201(d), the district court denied Fortin's request for judicial notice noting the need for specificity. Thereafter, approximately twenty months passed before the district court ordered summary

dismissal. Fortin, with the assistance of counsel, had more than sufficient time to file a conforming motion requesting judicial notice of any specified document or supporting material he desired. Fortin did not take advantage of this opportunity. Thus, it was Fortin's own failure, not something done by the district court, which caused his inability to establish the desired record both for purposes below and on appeal. Accordingly, we hold that Fortin's access to the courts was not unduly restricted.

Fortin also seems to imply that the state deprived him of his constitutional right of access to the courts. Citing both statutory and decisional law, Fortin asserts that the state was required to provide him a record, both below and on appeal, sufficient for adequate appellate review. Idaho Code Section 19-4906 provides that, if a post-conviction petition is not accompanied by the record of the proceedings challenged therein, the state "shall file with its answer the record or portions thereof that are material to the questions raised in the application." Additionally, in *Draper v. Washington*, 372 U.S. 487 (1963), the Court recognized that due process protections require a state to provide an indigent criminal defendant a record on appeal sufficient for adequate appellate review of any errors alleged regarding the proceedings below. *Id.* at 495-96; *see also State v. Strand*, 137 Idaho 457, 462-63, 50 P.3d 472, 477-78 (2002) (applying *Draper* and holding that a criminal defendant was not denied due process of law by the Court's refusal to order that a transcript of a hearing be made at public expense).

Notably, *Draper* and *Strand* dealt with the absence of a record in a criminal case. Even if we assume without deciding that the same rationale would apply to a post-conviction case, Fortin has not shown a statutory or constitutional violation. In this case, the state filed a motion requesting that the district court take judicial notice of ten specific documents related to both the underlying and separate criminal cases. The state attached all the referenced documents except the specified transcripts, to which the record suggests the district court had access. As previously noted, it is implied from the record that the district court granted the state's motion and the documents were made part of the record. Fortin has not shown that he raised any objection to the state's request. Nor has Fortin demonstrated a deficiency in the state's request, what required items were omitted, or that the alleged omitted items were necessary for adequate appellate review. Accordingly, we hold that Fortin has failed to show that the state violated its duty under the either the statutory or constitutional standard.

9

## C.    Ineffective Assistance of Counsel

Fortin argues that summary dismissal of his petition was inappropriate because a genuine issue of material fact exists with respect to his ineffective assistance of trial counsel claim arising out of trial counsel's advice during the plea bargaining stage of the underlying case.  Fortin alleges that the state's plea offer provided a joint resolution of his two pending criminal cases. He asserts that, in exchange for his guilty pleas in both cases, the state agreed to recommend a concurrent aggregate sentence of twenty years, with a minimum period of confinement of seven years and the dismissal of one felony charge and two weapon enhancements.  Fortin contends that his trial counsel advised him to reject the plea offer and proceed to two separate trials without properly advising him of the potential penalties should he not prevail.

The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process.  *Missouri v. Frye*, ___ U.S. ___, ___, 132 S. Ct. 1399, 1405 (2012); *Hoffman v. State*, 153 Idaho 898, 907, 277 P.3d 1050, 1059 (Ct. App. 2012).  A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act.  *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30.  To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995).  To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.  *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988).  To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different.  *Id.* at 761, 760 P.2d at 1177.  This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation.  *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Fortin argues that counsel was deficient by failing to provide adequate information regarding the potential consequences of rejecting the state's plea offer and proceeding to trial. Although the state relies, in part, on arguments raised below concerning the alleged deficiency, on appeal the state focuses its argument on Fortin's inability to show prejudice.  Likewise, in

summarily dismissing Fortin's petition, the district court did not directly address whether the conduct of Fortin's trial counsel was deficient and, instead, ruled based solely on prejudice. Accordingly, and given the disposition of this case, we constrain our review to the issue of whether Fortin has satisfied *Strickland*'s prejudice prong.

Fortin argues that, despite the lack of record due to the district court's denial of his motion requesting judicial notice, the pleadings raise an issue of material fact that he was prejudiced by his counsel's failure to explain the consequences of rejecting the plea agreement.[4] We note at the outset that Fortin does not specify what consequences counsel failed to advise him about. Although Fortin references that he was convicted of additional and more serious charges by proceeding to trial, under the circumstances of this case, such convictions cannot serve as the basis for our prejudice analysis because Fortin was aware of the charges he faced in both criminal cases prior to any advice from counsel. Fortin would have been aware that, if he did not accept the plea offer, he could possibly be convicted of the additional charges at trial. Rather, as was addressed by the district court, the relevant consequence at issue is that Fortin potentially faced consecutively imposed sentences if he went to trial and was found guilty.

The Supreme Court of the United States has addressed ineffective assistance of counsel claims within the context of plea negotiations. *See Lafler v. Cooper*, ___, U.S. ___, 132 S. Ct. 1376 (2012); *Frye*, ___ U.S. ___, 132 S. Ct. 1399. In *Lafler*, defense counsel erroneously advised the defendant that the prosecution could not prove a required element of the charged offense. *Lafler*, ___ U.S. at___, 132 S. Ct. at 1383. The defendant rejected two plea offers and proceeded to trial based on his counsel's advice. He was subsequently convicted of all counts and received a less favorable sentence than he would have under the plea offers. On appeal, the parties conceded that defense counsel was indeed ineffective. *Id*. at ___, 132 S. Ct. at 1384. Thus, the Court focused on the prejudice prong of the *Strickland* analysis and explained that, to establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the plea process would have been different with

---

[4] Additionally, Fortin contends that, but for the district court's refusal to grant his request for judicial notice, he may well have been able to make a stronger showing of prejudice based on record, and suggests that this provides further evidence that his constitutional rights to were violated. Based on our holding in section A, we note that any lack of record was due to Fortin's failure to properly create the record. Thus, we need not address this argument.

competent advice. *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384. The Court elaborated that, "if a plea bargain has been offered, . . . prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." *Id*. at ___, 132 S. Ct. at 1387. Specifically, where alleged deficient advice led to the plea offer's rejection, the petitioner is required to show that, but for the ineffective advice of counsel, there is a reasonable probability that: (1) the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) the court would have accepted its terms; and (3) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. *Id*. at ___, 132 S. Ct. at 1385. In applying this standard, the Court held that the petitioner had shown a reasonable probability, that but for counsel's deficient performance, he and the trial court would have accepted the plea offer. *Id*. at ___, 132 S. Ct. at 1391.

On appeal, the state does not challenge Fortin's assertions that, but for his counsel's advice, he would have accepted the plea agreement and that the terms of the alleged plea agreement were less severe than the sentence ultimately imposed. Consequently, our analysis focuses on whether the district court would have accepted the alleged plea agreement if it had been presented. In this regard, the Court's opinion in *Frye*, ___ U.S. ___, 132 S. Ct. 1399, is instructive.

In *Frye*, the defendant entered a guilty plea without an underlying plea agreement and later discovered that the prosecutor had made a written plea offer to defense counsel that was more lenient than the sentence the defendant received as a result of his guilty plea. *Id*. at ___, 132 S. Ct. at 1404. Defense counsel never notified the defendant of the plea offer before it had expired. The Court held that the defendant's counsel provided ineffective assistance based on the general rule that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id*. at ___, 132 S. Ct. at 1408. In its analysis, the Court echoed the three-part test for prejudice announced in *Lafler*, but elaborated:

> In order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if

12

the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented. This further showing is of particular importance because a defendant has no right to be offered a plea, nor a federal right that the judge accept it. . . . It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework.

*Frye*, ___ U.S. at ___, 132 S. Ct. at 1410 (citations omitted). Applying this standard, the Court remanded the case instructing, in part:

If [. . .] the prosecutor could have canceled the plea agreement, and if Frye fails to show a reasonable probability the prosecutor would have adhered to the agreement, there is no *Strickland* prejudice. *Likewise, if the trial court could have refused to accept the plea agreement, and if Frye fails to show a reasonable probability the trial court would have accepted the plea, there is no Strickland prejudice*.

*Id.* at ___, 132 S. Ct. at 1411 (emphasis added).

In Idaho, trial courts have the freedom to accept or reject proposed plea agreements. *See* I.C.R. 11; *State v. Fertig*, 126 Idaho 364, 366-67, 883 P.2d 722, 724-25 (Ct. App. 1994). In this case, the district court applied the *Strickland* standard and dismissed Fortin's post-conviction petition claim of ineffective assistance of counsel regarding the plea agreement for failing to meet the prejudice prong. In dismissing the claim, the district court reasoned:

Even if the Court is to accept Fortin's conclusory allegations about [his trial counsel's] erroneous advice as true, Fortin cannot demonstrate any prejudice because Fortin cannot demonstrate that the Court would have accepted his plea as a binding plea agreement under I.C.R. 11. As a general practice, this Court does not accept binding plea agreements. As part of any plea colloquy, the Court routinely advise[s] a defendant that the plea bargain is not binding on the Court. If there was a plea agreement in the [separate] case, there is no evidence that the Court would not have agreed to a binding plea agreement with a concurrent sentence recommendation. As a consequence, Fortin cannot demonstrate any prejudice, since the Court would not have been bound to follow the plea agreement.

Fortin argues that an issue of material fact exists because, although the district court would not have accepted a binding plea agreement, it did not state that it would not have accepted a nonbinding plea. Fortin's distinction does not constitute evidence sufficient to meet his burden. He has failed to demonstrate that it was reasonably probable that the district court would have followed the nonbinding agreement. Neither Fortin's assertions on appeal, nor the record before us, adequately demonstrate that the district court would have accepted the alleged plea agreement, let alone imposed concurrent sentences or followed any recommendation in imposing a discretionary sentencing determination.[5] Consequently, Fortin has failed to show prejudice. Accordingly, we hold that the district court did not err in summarily dismissing Fortin's claim that his trial counsel was ineffective for failing to advise him that, by rejecting the State's plea offer, he potentially faced the imposition of consecutive sentences.

## IV.

## CONCLUSION

The district court did not err in denying Fortin's motion requesting the district court take judicial notice of both the underlying and separate criminal case files. Fortin also has failed to show that the district court's refusal to take judicial notice deprived him of his right to access the courts. Finally, Fortin failed to meet his burden to show ineffective assistance of counsel. Accordingly, the district court's order summarily dismissing Fortin's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

[5]      Fortin also argues that, if the district court had taken judicial notice of the underlying case file as requested, it would have found that an issue of material fact concerning the plea bargain existed. He contends that, even if the district court did not accept a binding plea agreement, it would have made that finding based on the presentence investigation report (PSI) and other information available to it at sentencing. However, he states that this argument is impossible to make without the PSI and sentencing hearing transcripts in the record. Given our disposition of the judicial notice issue, we need not address this contention. However, even if we were to do so, this assertion does not demonstrate that the district court would have accepted the binding agreement because it expressly noted that it does not accept binding agreements as a practice. He has offered no other evidence suggesting that the district court in this instance would have made an exception.

14