# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50996

STEVEN RONALD ENNIS, JR.,

    Petitioner-Appellant,

v.

STATE OF IDAHO,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 6, 2024

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Dennis Benjamin, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Steven Ronald Ennis, Jr., appeals from the judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a jury found Ennis guilty of lewd conduct with a child under sixteen years of age and two counts of sexual abuse of a minor child sixteen years of age. Ennis appealed his judgment of conviction to this Court, and we affirmed in an unpublished opinion. *See State v. Ennis*, Docket No. 46734 (Ct. App. Feb. 20, 2020). Ennis subsequently filed a pro se petition for post-conviction relief and a motion for appointment of counsel. The district court granted Ennis's motion,

1

appointed counsel,[1] and entered an order governing the post-conviction procedure. That order included a requirement that appointed counsel either file an amended petition or a "written certification that counsel has consulted with [Ennis] and has made a good faith determination that this action may proceed with the *pro se* petition." Ultimately, appointed counsel filed a certification advising the district court that it could proceed on Ennis's pro se petition as supplemented by a proposed affidavit from Ennis. The proposed affidavit attached to the certification was unsigned, but the certification indicated the proposed affidavit had been sent to Ennis for signature. However, a signed affidavit was not submitted until five months later. The signed affidavit averred, in relevant part:

> An 11th hour offer was made by the prosecutor's office. It was 5 years fixed with a 10 year indeterminate sentence. Reluctantly, I agreed. I asked [Luke] Hagelberg to advise the prosecutor that I accepted the offer. Mr. Hagelberg did not do so. On the second day of trial the first chair attorney Serra Woods was shocked because she was never notified of this offer and my acceptance. By the second day of trial the offer was withdrawn. Mr. Hagelberg told me he "thought he could win the case" so he did not accept the deal on my behalf even though I accepted it and instructed him to advise the prosecution.

The State filed a motion for summary dismissal "on the general basis that in light of the pleadings, answers, admissions and the record of the underlying criminal case, the Petition fails to raise a genuine issue of material fact." The State further asserted that Ennis's ineffective assistance of counsel claims "fail[ed] to raise a genuine issue of material fact regarding both deficient performance of trial counsel and resulting prejudice." In support of its request for summary dismissal, the State submitted an affidavit from Hagelberg. In this affidavit, Hagelberg averred:

---

[1]     Several attorneys were appointed to represent Ennis during the course of his post-conviction case. The first attorney withdrew based on a conflict with Ennis. The next two attorneys withdrew for the same reason. The fourth attorney withdrew because he did not have sufficient time to commit to Ennis's case. Ennis then requested ninety days to find his own attorney, claiming he had already been represented by twelve different attorneys up to that point. The district court granted his request. The fifth attorney withdrew because of insufficient time to dedicate to Ennis's case. At that point, Ennis requested a stay to give him time to hire his own attorney; the district court granted that request. Nevertheless, the district court subsequently appointed another attorney to represent Ennis. That attorney also ultimately asked to withdraw at Ennis's request. The district court initially granted the motion to withdraw but then rescinded it because Ennis did not want to proceed pro se.

he was co-counsel who represented Ennis in his criminal case; the prosecutor extended a plea offer on October 1, 2018; the offer was communicated via email to co-counsel the same day and was discussed with co-counsel on October 4, 2018; he met with Ennis in the jail on October 5, 2018, and communicated the State's offer to Ennis; Ennis "promptly rejected" the offer and asked Hagelberg to make a counter-offer; on October 5, 2018, he communicated Ennis's counter-offer to the prosecutor who "promptly rejected" it; Hagelberg again met with Ennis at the jail on October 8, 2018, and notified him that the State rejected his counter-offer, at which point Ennis "became agitated and vigorously communicated his desire to proceed to trial"; and, jury selection began on October 9, 2018, at which time co-counsel asked Ennis to reconsider the State's offer, but Ennis became "upset" with co-counsel for "bringing up the offer again and instruct[ed] her to focus on the upcoming trial."

The State also submitted a memorandum in support of its motion for summary dismissal. In its memorandum, the State argued, in relevant part:

> Ennis further alleges that he was offered a plea agreement, he agreed to accept the plea agreement, and then one of his attorneys did not relay his acceptance. This allegation is directly refuted by attorney Luke Hagelberg in his Affidavit filed contemporaneously herewith. Additionally, it should be pointed out that Mr. Ennis' experience with the criminal justice system was extensive prior to this time. Had Mr. Ennis agreed to a plea agreement and his attorney simply failed to alert the prosecuting attorney in Court that there was an agreement on an offer of plea, it stands to reason that Mr. Ennis would have vociferously let it be known that he wanted to take a deal. Instead, Mr. Ennis, at all times prior to the trial, at numerous hearings indicated that he wanted to pursue a jury trial.

Ennis filed a response to the State's motion, arguing that summary dismissal was improper because the parties submitted competing affidavits and affidavits cannot substitute for an evidentiary hearing at which the witnesses are subject to cross-examination. Nevertheless, at the hearing on the State's motion for summary dismissal, post-conviction counsel conceded that Ennis's post-conviction claims did not have merit. Post-conviction counsel also noted she did not have "proof" to support Ennis's contentions. Ennis indicated he "agree[d]" but claimed it was because his attorneys had not received any of his evidence because he had it "all," "every single bit of it," although Ennis did not explain why such evidence was not submitted with his original petition or with any of the pro se documents he filed even though he was represented by counsel. At that point the district court took the State's motion under advisement.

3

The district court subsequently entered a written decision granting the State's motion for summary dismissal. In regard to the allegation that counsel failed to communicate that Ennis accepted the State's plea offer, the district court concluded that Ennis failed to provide factual support, and that his claim was conclusory and unsupported by admissible evidence. Ennis appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal in a post-conviction case, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Ennis contends that the district court erred by summarily dismissing his claim that counsel was ineffective for failing to communicate that Ennis accepted the State's plea offer. Ennis argues that his allegations in relation to this claim were sufficient to raise a genuine issue of material fact as to whether he accepted the plea offer and instructed his trial counsel to inform the prosecutor of his acceptance. Alternatively, Ennis argues that the district court erred by dismissing his claim based on its finding that Ennis's statements were inadmissible because he did not have notice of that basis for dismissal since it was not argued by the State and the district court did not give notice that his claim could be dismissed for this reason. The State responds that summary dismissal was appropriate because Ennis failed to present sufficient evidence to establish a prima facie case of ineffective assistance of counsel. The State also responds that Ennis failed to preserve his argument that the State failed to articulate with reasonable particularity the basis for its motion for summary dismissal and that, even if preserved, Ennis had sufficient notice of the grounds for dismissal. We hold that Ennis has failed to show the district court erred in summarily dismissing

4

his petition given post-conviction counsel's concession that there was insufficient evidence to support Ennis's claims.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007).

A petition for post-conviction relief may be subject to summary dismissal, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.C. § 19-4906; *Fortin v. State*, 160 Idaho 437, 440, 374 P.3d 600, 603 (Ct. App. 2016). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Fortin*, 160 Idaho at 440, 374 P.3d at 603. If the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed, and an evidentiary hearing must be conducted to resolve the factual issues. *Id.* at 441, 374 P.3d at 604; *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002).

Although Ennis generally alleged ineffective assistance of counsel in his petition, he did not assert any claim based on the failure to communicate his acceptance of the State's plea offer.[2]

---

[2] Indeed, Ennis's second appointed post-conviction attorney at one point requested an extension of time in conjunction with a motion to withdraw noting that she had been unable to obtain "a clear, understandable affidavit" from Ennis due to "interference" with the attorney-client relationship by a "jailhouse lawyer" from whom Ennis was getting advice. The same post-

5

The first time an admissible factual basis for any such claim was alleged was in Ennis's affidavit filed ten months after his petition. The State sought summary dismissal of this claim on the basis that Ennis failed to raise a genuine issue of material fact regarding both deficient performance and resulting prejudice.

In granting the State's motion and summarily dismissing Ennis's claims, the district court found Ennis "provide[d] no admissible evidence to support his claims." The district court also noted post-conviction counsel's representation at the summary dismissal hearing that "given her ethical duty to the court," she "could offer nothing in opposition to summary dismissal." Specifically with respect to the plea offer claim, the district court concluded Ennis failed to provide "factual support for his claim" and the district court rejected Ennis's "conclusory allegation unsupported by admissible evidence."

On appeal, Ennis argues that the district court erred in concluding that he did not present admissible evidence to support his claim because his affidavit was sufficient evidence, based on personal knowledge, to raise a genuine issue of material fact entitling him to an evidentiary hearing. Ennis contends the district court should have resolved the conflict between Ennis's affidavit and Hagelberg's affidavit by holding an evidentiary hearing. While competing affidavits may, in some circumstances, be sufficient to avoid summary dismissal, they are insufficient in this case to require a hearing in light of the representations made at the summary dismissal hearing. At that time, post-conviction counsel conceded summary dismissal on Ennis's ineffective assistance of counsel claims was warranted. While the concession may be viewed as contradicting the allegations in Ennis's affidavit, the concessions were nonetheless made, and we will not second-guess the propriety of those concessions, which invited the district court to rule precisely how it did. *See Beebe v. N. Idaho Day Surgery*, *LLC*, 171 Idaho 779, 789, 526 P.3d 650, 660 (2022) (explaining the invited error doctrine estops a party from asserting an error when the party's own conduct induced the error because one cannot complain of errors that were invited or

conviction counsel also noted Ennis had, in the documents already submitted, failed to "set forth specific allegations" that could be addressed by either herself or the State. In her affidavit filed in support of the motion, post-conviction counsel averred that the documents submitted by Ennis lacked "specific verified allegations and any proof, exhibits, affidavits, records, etc." and that she had "attempted to obtain this information from [Ennis] numerous times to no avail."

acquiesced in).  Moreover, Ennis may not take a position on appeal that is contrary to the position he took below.  *See State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017) (declining to consider argument on appeal because State conceded the issue in the trial court).

Ennis has failed to show error in the summary dismissal of his post-conviction petition.

## IV.

## CONCLUSION

Ennis has failed to show error in the summary dismissal of his petition for post-conviction relief because he conceded dismissal of his ineffective assistance of counsel claims was appropriate.  The judgment summarily dismissing Ennis's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge TRIBE, **CONCUR**.